THE STATE OF OHIO, APPELLANT, *v.*
BONARRIGO ET AL., APPELLEES.

[Cite as State v. Bonarrigo (1980), 62 Ohio St. 2d 7.]

(No. 79-494—Decided April 2, 1980.)

8

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. George J. Sadd* and *Mr. Alban Lipold,* for appellant.

*Mr. Paul Mancino, Jr.,* for appellees.

*Per Curiam.* Appellees were arrested on June 23, 1976. Their trial commenced on June 16, 1977, 358 calendar days from the date of arrest. The state has not argued that any of the contingencies set forth in R. C. 2945.72 occurred in this case thereby extending the statutory time within which these accused were required to be brought to trial. The period of 358 days is, of course, in excess of the 270 days in which those accused of even the most serious felony charges must, according to R. C. 2945.71(C)[2] be brought to trial, absent extension. Pur-

---

[2] R. C. 2945.71 provides in part:

"(A) A person against whom***a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the of-

suant to R. C. 2945.73(B),[3] appellees moved "at or prior to the commencement of trial"—on February 11, 1977 (the 233rd calendar day from arrest), and on June 3, 1977 (the 345th calendar day from arrest)—to dismiss the charges based on the June 23, 1976, conduct for which they were arrested. Thus, appellees were seemingly entitled to discharge.

The state argues, however, that the word "arrest" in R. C. 2945.71(C) refers to an arrest *incident to a felony charge,* and, in effect, that appellees are not entitled to credit for the period of approximately four and one-half months during which the misdemeanor charge of disorderly conduct stemming from the same conduct had been pending in the Municipal Court. The state argues that trial was timely because it commenced within 270 days after the date the indictment was returned, after which time a "charge of felony ***[was] pending."

In *State* v. *Spratz* (1979), 58 Ohio St. 2d 61, 62, at fn. 2, we expressly noted that the entry of a *nolle prosequi* on a felony charge tolled the running of statutory speedy trial time until such time as the accused was re-indicted. Similarly, in *Westlake* v. *Cougill* (1978), 56 Ohio St. 2d 230, we excluded from the computation of speedy trial time a period between a *nolle prosequi* of misdemeanor charges and the service of sum-

---

fense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximun penalty is imprisonment for not more than sixty days;

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

"(C) A person against whom a charge of felony is pending:

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

[3] R. C. 2945.73 provides in part:

"(A) A charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code.

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.

"***

"(D) When a charge of felony is dismissed pursuant to division (A) of this section, such dismissal has the same effect as a *nolle prosequi*. When an accused is discharged pursuant to division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct."

mons of a second filing of misdemeanor charges arising out of the same conduct. In both cases, credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the *nolle prosequi*.[4]

We see no reason why a different result should obtain here merely because the disorderly conduct charge pending prior to the *nolle* is categorized as a misdemeanor, and the aggravated riot charge pending subsequent to the indictment is categorized as a felony. Such a construction would subvert the policy of the speedy trial statutes by automatically providing prosecutors a new 270-day period in which to bring an accused to trial, irrespective of the amount of unexplained delay involved in the prior misdemeanor proceedings.

Appellees, on the other hand, argue that the state was barred from indicting them for aggravated riot at any time after the lesser-included charge of disorderly conduct had been pending beyond the applicable time limitations of R. C. 2945.71. The argument has no merit. It is not the mere passage of time which bars further criminal proceedings against an accused. If this were the case every conviction obtained after the expiration of the statutory time would be reversible. Rather, pursuant to R. C. 2945.73, such a bar is contingent upon discharge accomplished upon motion made at or prior to trial. Thus, where entry of a *nolle prosequi* is made prior to the filing of a defense motion to dismiss the same charges, the prosecution is not barred from initiating new criminal proceedings. Although it is primarily the duty of the court and the prosecution to prevent the speedy trial period from expiring, it is not unreasonable to expect the accused as well to keep track of the time and to be diligent in seeking the benefits of the speedy trial provisions.

The General Assembly has chosen to enforce the speedy trial statutes by providing an accused with a right to dismissal of charges upon timely motion, when not accorded trial within the statutory time. It was not the General Assembly's sole purpose in enacting the speedy trial statutes to reward those accused of criminal conduct for a prosecutor's lack of diligence.

---

[4] See, also, *State* v. *Stephens* (1977), 52 Ohio App. 2d 361, where the court concluded, in part, at page 371, that, "the proper method of computing time under R. C. 2945.71 is to include time pending trial under original indictment where a *nolle prosequi* has been entered on the original indictment***."

Concededly, an accused has a valid interest in, and an independent constitutional right to, a speedy trial. However, in construing the speedy trial statutes, this court also recognizes the public's interests not only in the prompt adjudication of criminal cases, but also in obtaining convictions of persons who have committed criminal offenses against the state.

Consistent with these interests, we hold that, where a prosecutor obtains a felony indictment, based upon the same conduct as was a previously *nolled,* lesser-included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to R. C. 2945.71 *et seq.* consists of whatever residue remains from the 270-day period set forth in R. C. 2945.71(C) after deducting the speedy trial time expended prior to the *nolle prosequi.* Such a holding adequately protects the accused's statutory rights.[5] To accept the appellees' argument would unjustifiably prevent the state from prosecuting an accused where, for instance, subsequent discovery revealed that a more serious offense than first anticipated may have been committed.

The filing of felony indictments did significantly extend the period of time in which appellees' trial was required to be held, *i.e.,* from 45 days[6] to 270 days. However, the subsequent filing of aggravated riot charges after the disorderly conduct charges were *nolled* did not subject the appellees to double

---

[5] *Cf. United States* v. *Hillegas* (C.A. 2, 1978), 578 F. 2d 453 at page 458:

"***After the Government's dismissal of the complaint against him appellant***was no longer under any of the restraints associated with arrest and the pendency of criminal charges against him. He was free to come and go as he pleased. He was not subject to public obloquy, disruption of his employment or more stress than any citizen who might be under investigation but not charged with a crime. Unless and until a formal criminal charge was filed against him, neither he nor the public generally could have any legitimate interest in the prompt processing of a nonexistent case against him."

The court noted, at page 457, that although a person under investigation, but not subject to formal charges, "may suffer some apprehension or anxiety, his guarantee against pre-prosecutorial delay lies solely in the applicable statute of limitations" and in the guarantees of due process.

[6] Although the record does not reflect the allegations contained in the disorderly conduct complaints filed in the Municipal Court, we assume, *arguendo,* that they charged appellees both with disorderly conduct and with failure to desist after reasonable warning, escalating the charge from a minor misdemeanor to a misdemeanor of the fourth degree. In such a circumstance the 45-day period of R. C. 2945.71(B)(1) would apply.

jeopardy. The *nolle prosequi* was entered prior to commencement of trial and, thus, prior to the attachment of jeopardy. Appellees have suggested no other basis upon which it can be argued that the state's escalation of the charges was improper.

Our holding will not require, as the state argues, the reversal of every felony conviction based on the same conduct as was a previously *nolled* misdemeanor charge for failure to have provided the accused a preliminary hearing within 15 days of his arrest.[7] A dismissal granted for failure to accord a timely preliminary hearing has the same effect as does a *nolle prosequi* (R. C. 2945.73[D]), and thus is a dismissal without prejudice to the initiation of further criminal proceedings. The return and filing of an indictment constitutes the commencement of such new criminal proceedings. However, Crim. R. 5(B) provides that a "preliminary hearing shall not be held * * * if the defendant is indicted." Thus, a valid indictment can be returned subsequent to either a *nolle prosequi* or a dismissal of prior felony charges for failure to provide a preliminary hearing within 15 days of the initial arrest. See *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, concurring opinion, per Justice Paul W. Brown, at page 159, and dissenting opinion per Justice William B. Brown, at page 160.[8]

It remains for us to apply the foregoing principles to the facts of the cause *sub judice*. Appellees were arrested on June 23, 1976, and charged with a misdemeanor. In the absence of circumstances justifying an extension of time pursuant to R. C. 2945.72, appellees were entitled to a discharge with prejudice as to any further criminal proceedings based upon the same conduct, upon the filing any time subsequent to 45 days after arrest and prior to the commencement of trial of a defense motion asserting such entitlement. In the absence of such a motion, the state properly could, and on November 10, 1976 (the 140th day from arrest), did, enter a *nolle prosequi* of the misdemeanor charges pursuant to Crim. R. 48(A). After the entry of the *nolle prosequi* the misdemeanor charges no

---

[7] Crim. R. 5 does not provide an accused charged with a misdemeanor a right to a preliminary hearing.

[8] Pursuant to our holding herein, of course, the period of time the earlier same or related charges were pending would be included in calculating the amount of time remaining in which trial should be had.

longer were "pending," and the running of the statutory time was tolled. Upon the subsequent aggravated riot indictment based on the same conduct the state had a period of 130 days remaining of the 270 days provided by statute in which to bring appellees to trial, absent extension. Here, the indictment was returned on November 10, 1976, and those 130 days expired on March 21, 1977. The appellees' June 3rd motion to dismiss asserting a violation of R. C. 2945.71 was filed subsequent to the expiration of the statutory time and prior to the commencement of trial, and should have been granted. Thus, the Court of Appeals correctly reversed appellees' convictions.

The judgment of the Court of Appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, and HOLMES, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the judgment.

HERBERT, J., I concur in the judgment only. *State* v. *Montgomery* (1980), 61 Ohio St. 2d 78, 81; *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, 176; *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, 155.

PAUL W. BROWN, J.,concurring in the judgment only. The rule stated, applied as a rigid judicial engraftment upon the statutes in question, will not in all cases serve the interests of justice and further the constitutional guarantee of a speedy trial. The situation presented in the instant cause falls within a gap in the statutory scheme. The opinion, however, attempts to apply the legislative time limits as though no such gap exists. The proper approach in such situations, in light of this court's discussion in *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, would be to deal with such cases one-by-one. The constitutional guarantee of speedy trial as established by the U. S. Supreme Court in *Klopfer* v. *North Carolina* (1967), 386 U. S. 213; *Barker* v. *Wingo* (1972), 407 U. S. 514; and *Dillingham* v. *United States* (1975), 423 U. S. 64, should guide the court in resolving matters such as these.