**The STATE of Ohio, Appellee,**

**v.**

**JARVIS, Appellant.**

[Cite as *State v. Jarvis* (1997), 121 Ohio App.3d 105.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APC09–1191.

Decided June 10, 1997.

*Janet E. Jackson*, City Attorney, and *Stephen L. McIntosh*, Assistant City Attorney, for appellee.

*Peter F.J. Beagle* and *Charles W. McGowan*, for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Parker M. Jarvis, appeals from a judgment of the Franklin County Municipal Court finding him guilty on his no contest plea to assault in violation of Dublin Ordinance 537.03; defendant contends that the trial court erred in not dismissing his case for violation of his speedy trial rights under R.C. 2945.71(A). Because the defendant was not brought to trial within the time period allowed by R.C. 2945.71(A), we reverse.

On July 19, 1993, Rhonda Price filed a complaint in the Franklin County Municipal Court. The complaint alleged that on July 17, 1993, defendant assaulted her son, Timothy Price, by striking Timothy on the left side of his face, resulting in injury to Timothy's face and jaw. Defendant was served with summons on July 23, 1993. On August 16, 1993, defendant entered a not guilty plea and did not waive his speedy trial rights. On the same day, however, the prosecution requested that the assault charge under R.C. 2903.13(A) be dismissed for a possible future felony indictment.

As the parties agree, on June 16, 1995, Rhonda Price refiled the assault charges under Dublin City Ordinance 537.03 in the Dublin Mayor's Court. Summons was served on defendant on June 26, 1995; the case was set for pretrial on July 12, 1995, and for trial on July 19, 1995. Defendant then

requested a continuance and waived his speedy trial rights; the case ultimately was reset for trial on March 20, 1996.

On the day of trial, defendant requested that the charges be dismissed for violation of his speedy trial rights prior to his waiver. Specifically, defendant contended that to determine his speedy trial rights, the mayor's court was required to couple the "twenty-seven" days the charges were pending in the municipal court with the days the charges were pending in the mayor's court; defendant asserted that the sum of those days resulted in defendant's not being brought to trial within the thirty days required by R.C. 2945.71(A). Not persuaded by defendant's motion, the Dublin Mayor's Court, on March 20, 1996, found defendant guilty of the assault charge and sentenced him accordingly.

Defendant requested a trial *de novo* in the Franklin County Municipal Court; there, on May 23, 1996, defendant orally renewed the motion to dismiss he originally had made in the Dublin Mayor's Court, contending that his speedy trial rights had been violated. After allowing the state to respond to the issue, the trial court overruled the motion. Rather than proceed with trial, defendant entered a no contest plea to the charges, and the trial court sentenced him. Defendant appeals, assigning two errors:

"I. The trial court erred by refusing to review the action of the mayor in the earlier proceeding.

"II. The trial court erred by not granting appellant's motion to dismiss."

Because defendant's two assignments of error are interrelated, we address them jointly. Together they assert that his conviction should be reversed and the charge dismissed because the Dublin Mayor's Court failed to bring him to trial within the time limits set forth in R.C. 2945.71(A). The issue underlying defendant's assigned errors is whether the days defendant's case was pending in the Franklin County Municipal Court in July and August 1993 must be combined with the time the refiled charges were pending in the Dublin Mayor's Court. R.C. 2945.71 provides:

"(A) A person against whom a charge is *pending in a court not of record,* or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons." (Emphasis added.)

While interpretation of R.C. 2945.71 in the context of this case is one of first impression, previous cases provide some guidance. Generally, the entry of *nolle prosequi* on a misdemeanor charge tolls the running of statutory speedy trial time until the service of summons on a second misdemeanor charge arising out of the same conduct. *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 10 O.O.3d 382, 383 N.E.2d 599. Similarly, the time period between *nolle prosequi* of a

felony charge and reindictment is excluded in computing speedy trial time. *State v. Spratz* (1979), 58 Ohio St.2d 61, 62, 12 O.O.3d 77, 388 N.E.2d 751, 752, fn. 2. However, in both instances "credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the *nolle prosequi.*" *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 10, 16 O.O.3d 4, 6, 402 N.E.2d 530, 534 (holding that where a "prosecutor obtains a felony indictment, based upon the same conduct as was a previously *nolled*, lesser-included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to R.C. 2945.71 *et seq.* consists of whatever residue remains from the 270 day period set forth in R.C. 2945.71[C] after deducting the speedy trial time expended prior to the *nolle prosequi*," *id.* at 11, 16 O.O.3d at 7, 402 N.E.2d at 534). Those cases suggest that to determine defendant's speedy trial rights under R.C. 2945.71(A), the time the assault charge against defendant was pending in the Franklin County Municipal Court prior to dismissal in August 1993 must be added to the time it was pending in the Dublin Mayor's Court prior to defendant's waiving his speedy trial rights.

Despite the foregoing, the state urges that we seek guidance from *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 661 N.E.2d 706, which held that when a case is transferred to the municipal court from mayor's court pursuant to R.C. 1905.032, the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court; under *Brecksville*, that period of delay is not included in calculating speedy trial rights in the municipal court following transfer. The state suggests that the converse of *Brecksville* is true: the time a case is pending in municipal court should not be counted in calculating speedy trial rights in the mayor's court under R.C. 2945.71(A).

The state's reliance on *Brecksville* is misplaced. *Brecksville* was premised on a defendant's transfer under R.C. 1905.032 being in the nature of a removal under R.C. 2945.72(F), which extends the time for bringing an accused to trial under Ohio's statutory speedy trial rights. Here, the need to refile charges in the Dublin Mayor's Court was not because of any action, or even inaction of defendant, but because the state dismissed the original charges filed in the Franklin County Municipal Court in 1993 and Price decided to refile the same charges but in mayor's court rather than the municipal court.

Instead, *State v. Engert* (July 31, 1980), Franklin App. No. 80AP–56, unreported, is instructive. In *Engert* the court found that the days that charges were pending in a mayor's court prior to the prosecution's dismissing them were to be counted in calculating speedy trial time on charges refiled in the municipal court, "as the case was not transferred to Franklin County Municipal Court, but voluntarily dismissed and refiled by the State. See *State v. Bonarrigo* [62 Ohio

St.2d 7, 16 O.O.3d 4, 402 N.E.2d 530]." If, as the state suggests, we apply the converse to this case, then the days the charge was pending against defendant in municipal court in 1993 must be counted in calculating defendant's speedy trial rights under R.C. 2945.71(A) in mayor's court, as the state points to no provision of R.C. 2945.72 which is implicated so as to extend the time for bringing defendant to trial.

In the final analysis, repugnant and regrettable as the alleged facts are, they do not dictate the result in this case. Rather, regardless of the facts, the statutory speedy trial provisions control. R.C. 2945.71(A) required that defendant be tried within thirty days in the Dublin Mayor's Court. Under the rationale of *Westlake* and *Engert,* the days the same charge, premised on the same facts, was pending in the Franklin County Municipal Court must be included in calculating defendant's speedy trial rights in the mayor's court. While the parties disagree about the exact number of days the case was pending in the municipal court before it was dismissed, the record suggests a minimum of twenty-four days. Because the charges in the mayor's court were pending for more than six days before defendant waived his speedy trial rights, the Dublin Mayor's Court should have granted defendant's motion to dismiss under R.C. 2945.71(A).

For the foregoing reasons, defendant's two assignments of error are sustained to the extent indicated, the judgment of the trial court is reversed, and this matter is remanded to the trial court with instructions to dismiss the charge against defendant for failure to comply with R.C. 2945.71(A) in the mayor's court. See *Newark v. O'Brien* (Feb. 1, 1993), Licking App. No. 92–CA–77, unreported, 1993 WL 35592.

*Judgment reversed*
*and cause remanded.*

BOWMAN, J., concurs.

TYACK, P.J., dissents.

TYACK, Presiding Judge, dissenting.

I respectfully disagree with the majority opinion.

R.C. 2945.71 requires:

"(A) A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court or record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days[.]"

The statute does not address the situation presented when a charge is pending for a while in a court of record and later pending in a court not of record, such as a mayor's court. The statute also fails to address the situation where a charge is pending in a court not of record and then is pending in a court of record. The statute, instead, places restrictions on the time a case may be pending within each of the two types of courts.

I see absolutely no reason to extend the time restrictions set forth in R.C. 2945.71 beyond what the legislature contemplated, as demonstrated by the actual wording of the statute. I believe that we should respect the words and intentions of the legislature when its advises us in R.C. 2901.04:

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

"(B) Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice."

R.C. 2945.71 does not define an offense or penalty. Therefore, it shall be construed "so as to effect the fair, impartial, speedy, and sure administration of justice." The majority opinion "construes" R.C. 2945.71 beyond the words of the statute in such a way that the speedy processing of cases is encouraged, but fairness, sureness, and justice are lost.

A reference to the facts underlying this case proves my point. Jarvis was golfing at Muirfield County Club when a ten-year-old boy yelled "fore," which distracted Jarvis during his putting. A few minutes later, Jarvis approached the ten-year-old and a friend, slapped the boy and asked him, "How would you like it if I cut off your head and * * * down your throat?" Jarvis then returned to his golf game. The child was traumatized both physically and emotionally. Dismissing the criminal charge based upon these facts dispenses with fairness, sureness, and justice. The dismissal does not dispense any of the three.

For similar reasons, I believe that our earlier case of *State v. Engert* (July 31, 1980), Franklin App. No. 80AP–56, unreported, was wrongly decided. The panel in *Engert* made the same mistake which a majority of this panel makes, namely, adding together the days charges were pending in two different types of court.

Again, R.C. 2945.71 places limits only on the amount of time a charge is pending within a given type of court—court of record or court not of record. R.C. 2945.71 does not address the situation presented as the result of the overlapping jurisdiction of mayor's courts and courts of record.

The result reached by the majority opinion is incorrect for other reasons. The record before us is silent as to what information was presented to the presiding official in Dublin Mayor's Court. We know that before Jarvis was found guilty of assault in Dublin Mayor's Court, his counsel filed a written motion seeking dismissal. We do not know what, if any, evidence was presented to the Dublin Mayor's Court to demonstrate the alleged speedy trial problem. We, therefore, are not in a position to say that the Dublin Mayor's Court erred, especially since what record we have indicates that counsel for Jarvis promised to "waive time and continue case" less than thirty days after the case was filed in Dublin Mayor's Court.

Further, no evidence was presented to the judge of the Franklin County Municipal Court who handled this case after the conviction in Mayor's Court. The parties argued theories, but did not develop the record necessary for an appellate court to overturn the trial court rulings.

For all the above reasons, I believe that the majority opinion is incorrect in its reversal of the conviction here. I, therefore, respectfully dissent.