OPINION
This case is before the court following our May 27, 1997 decision which granted appellant's application for reopening, pursuant to App.R. 26(B), based upon a claim of ineffective assistance of appellate counsel on direct appeal.
The pertinent facts are as follows. On September 9, 1991, appellant, Marlon Trent Flowers, was indicted on one count of felonious assault with a firearm and physical harm specification. The case was dismissed on October 7, 1991.
During this time, appellant was being held in jail on the charge of drug abuse (case number CR91-6459). On October 17, 1991, appellant was sentenced to one year in prison for the drug abuse charge. He was granted fifty-one days credit for time served.
While serving his sentence for drug abuse on January 13, 1992, appellant was again indicted for felonious assault with a firearm and physical harm specification. The indictment was for the same offense appellant was indicted for in September 1991. Appellant was arrested for the offense on May 11, 1992. A trial was scheduled for June 16, 1992. On June 16, 1992, the trial date was continued to June 23, 1992. On June 23, 1992, the trial date was once again continued to July 14, 1992. On July 9, 1992, the trial date was continued for the last time until August 12, 1992. On August 13, 1992, a jury found appellant guilty as charged. He was sentenced to prison for not less than seven nor more than fifteen years in prison.
Pursuant to R.C. 2945.71(C), a person against whom a charge of felony is pending, such as felonious assault, shall be brought to trial within two hundred seventy days after his arrest. Each day the accused is held in jail in lieu of bail on the pending charge counts as three days for purposes of the speedy trial computation. R.C. 2945.71(E).
The issue before this court is whether or not appellant was brought to trial within two hundred seventy days in compliance with R.C. 2945.71. Appellant was initially indicted for felonious assault on September 9, 1991. The charge was dismissed on October 7, 1991. That period of time, twenty-eight days, is chargeable to the state. State v. Bonarrigo (1980), 62 Ohio St.2d 7. From October 7, 1991 until his reindictment on January 13, 1992, ninety-eight days elapsed. This time is not counted for purposes of R.C. 2945.71 as the charge of felonious assault was not pending. On May 11, 1992, appellant was arrested and placed in custody for the charge of felonious assault. At that point, one hundred nineteen days for purposes of R.C. 2945.71 had elapsed for a total of one hundred forty-seven days (28 + 119 = 147).
Appellant was in custody from May 11, 1992 until the day he actually went to trial on August 12, 1992 (93 days). In his application for reopening, appellant alleged that his counsel was ineffective in failing to show that appellant had been released from prison on the drug abuse charge prior to his arrest for felonious assault. On direct appeal, this court noted there was no evidence that appellant had been released in April 1992. The only evidence of appellant's incarceration status was the docket sheet showing that appellant had received a year sentence for drug abuse. Even after calculating the days appellant was credited for time served, there was no evidence before the court that he was not still in prison on the drug abuse charge. This court, relying on the validity of the trial court record, did not credit appellant with triple time during the period of May 11, 1992 to August 12, 1992, because appellant was not in custody solely on the pending charge of felonious assault. This interpretation led to the conclusion that appellant was brought to trial within two hundred seventy days (147 + 93 = 240).
On April 14, 1997, appellant filed a "pro se application to reopen direct appeal pursuant to Ohio Rules of Appellate Procedure Rule 26(B)." Appellant argued that his appellate counsel was ineffective in failing to present pertinent documentation in support of his speedy trial argument. Appellant submitted documentation in support of his argument. In finding appellant's application well-taken, this court found the documentation to be "ambiguous" but stated that the "documentation nevertheless suggests appellant's claims may have merit." In other words, if it could successfully be shown that appellant was released from prison on the drug abuse charge on April 24, 1992, he would be entitled to use the triple count provision when calculating his incarceration time from May 11, 1992 until August 12, 1992 (93 x 3 = 279). This is because appellant would have been held solely on the pending charge of felonious assault. Application of the triple count provision would lead to the conclusion that appellant was not brought to trial within two hundred seventy days (147 + 279 = 426).
In granting appellant's application for reopening, this court was not ruling that appellant proved he had been released from prison on the drug abuse charge in April 1992. We merely acknowledged the possibility that appellate counsel had ignored crucial documentation or other evidence that may have changed the outcome of appellant's direct appeal. Rather than shedding some light on this "ambiguous documentation," the parties in their briefs have chosen to accept as fact that appellant was released on April 24, 1992.
We are therefore only left to review the documents appellant originally submitted in his application. The first document appellant submitted was from the Ohio Department of Rehabilitation and Correction. The document was titled "expiration of sentence." The document, dated April 24, 1992, acknowledged that appellant had successfully completed a prison sentence. Nothing in the document, however, identifies exactly what sentence appellant successfully completed. The other piece of documentation submitted by appellant was an arrest report showing that he was arrested for the charge of felonious assault on May 11, 1992. Once again, we cannot tell from this document whether or not appellant had been released from prison on the drug abuse charge on April 24, 1992.
Accordingly, appellant has not shown that his appellate counsel was ineffective and his sole assignment of error is found not well-taken. The court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.