[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal. Appellant, the State of Ohio, appeals the decision of the Portage County Court of Common Pleas which granted appellee's, Jerry M. Jarvis, II, motion to dismiss criminal charges against him for lack of a speedy trial.[1] Jarvis has not filed an answer brief. For the following reasons, we reverse the judgment of the trial court, and the case is hereby remanded for further proceedings consistent with this opinion.
According to the limited record before this court, Jarvis was arrested on May 21, 1996, for theft and possession of criminal tools, felonies of the fourth degree. Later documentation in the record reveals that Jarvis was accused of using a canvas book bag to steal compact discs from a K-Mart store in Portage County, Ohio. He was incarcerated from May 21, 1996 until the date of his preliminary hearing, May 31, 1996.[2]
At the preliminary hearing, the state indicated that Jarvis was to begin a sixteen-month to eighteen-month term of imprisonment for a forgery theft charge in Summit County starting on July 1, 1996.[3] The state also acknowledged that Jarvis was supposed to have reported for a ninety-day jail term on March 25, 1996 for another charge, and that as of May 31, 1996, he had failed to report.
The state thereafter indicated that it was prepared to dismiss the charges stemming from the May 21, 1996 incident at K-Mart, for further review. It gave no other explanation for this decision. The trial court orally accepted the state's motion to dismiss the charges.[4] The court gave Jarvis credit for ten days served and ordered him to serve the remainder of the ninety-day sentence until such time as he was transferred on July 1, 1996, to serve the Summit County sentence.
The record further reveals that Jarvis was released from his incarceration for the Summit County offense on September 1, 1996. At the time of his release, there were no pending charges against him.
Then, on April 30, 1997, the Portage County Grand Jury returned an indictment against him based on the same alleged theft at the K-Mart store on May 21, 1996. The two-count indictment charged Jarvis with grand theft, a felony of the third degree in violation of R.C. 2913.02(A)(3) and possessing criminal tools (the book bag), a felony of the fourth degree, in violation of R.C.2923.24(A). Jarvis was not incarcerated at the time the indictment was returned.
On June 27, 1997, a warrant was served for Jarvis' arrest, and he was released on bond on the same day. On June 30, 1997, Jarvis came for his arraignment unrepresented by counsel. The trial court therefore appointed counsel for Jarvis and continued the matter until July 7, 1997. On July 7, 1997, Jarvis entered a plea of not guilty to the charges.
The matter was set for trial on August 5, 1997; however, the trial date was continued several times. On August 26, 1997, Jarvis filed a motion to dismiss the charges on the grounds that the state failed to comply with R.C. 2941.401 as interpreted by this court in State v. Miller (Aug. 16, 1996), Portage App. No. 94-P-0020, unreported. A hearing was held on the motion the same day.
At the hearing, Jarvis essentially argued that, per Miller, R.C. 2941.401 should apply as the state was aware of the fact that Jarvis was going to be incarcerated following the preliminary hearing of May 31, 1996. Jarvis argued that, pursuant to the statute and Miller, the six-month period within which the state must bring Jarvis to trial for the alleged K-Mart theft expired in December 1996. This was the sole defense raised by Jarvis.
The trial court granted the motion and dismissed the charges against Jarvis because the state failed to bring Jarvis to trial with the time limits of R.C. 2941.401. The state appeals, asserting one assignment of error:
 "THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE STATE WHEN IT GRANTED JARVIS' MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL."
In its sole assignment of error, the state argues that the trial court incorrectly applied the speedy trial provisions of R.C. 2941.401 when these provisions were inapplicable to the facts of this case. We agree.
The contested statute, R.C. 2941.401, reads in pertinent part:
 "Prisoner may request trial on pending charges. When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. (Emphasis added.)
"* * *
 "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
"* * *
 "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
The trial court in the instant case granted Jarvis' motion to dismiss relying, in part, on this court's decision in Miller. However, as the state argues on appeal, Miller and the statute above are not applicable to the facts of this case.
In Miller, we outlined the basic operation of R.C. 2941.401, highlighting the various duties and rights of an incarcerated defendant and the state in relation to the statute. Essentially, as relevant herein, the statute applies when an untried indictment, information, or complaint is pending in Ohio against a prisoner and the pending charges are based on the alleged commission of additional crimes separate and apart from the crimes for which the prisoner is currently serving his sentence. In that situation, the prosecution is required to notify the warden or superintendent having custody of the prisoner of the pending charge. The warden or superintendent is, in turn, required to inform the prisoner in writing of the pending charge and his right to make a request for final disposition thereof.
Once the prisoner is so notified, he must cause to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter. If the action is not thereafter brought to trial within one hundred eighty days of the prisoner's written notice, no court has jurisdiction over the pending charges, and the court shall enter an order dismissing the charges.
In Miller, we determined that the state attempted to circumvent the application of the statute by failing to notify the warden of pending charges, when the state clearly knew that the defendant was imprisoned in this state at the time the indictment was filed against him. As a result, the defendant did not receive notice from the warden of his right to make a written demand for final disposition, and did not thereafter do so. We held, however, that the defendant could not be expected to make the written demand without notice. Thus, we ultimately held that the case should have been dismissed once a month and one-half had passed since the expiration of the one hundred eighty day period referenced in the statute.
However, in the case at bar, R.C. 2941.401 had no application once the state dismissed the original complaint against Jarvis on May 31, 1996. When Jarvis was incarcerated following that preliminary hearing, there were no longer any pending chargesagainst him. Thus, the state had no duty to inform the warden of the dismissed charges, and the warden had no duty to inform Jarvis, and so on. Moreover, when the grand jury did return the April 30, 1997 indictment, it was undisputed that Jarvis was no longer incarcerated.
In light of the foregoing, the trial court erred as a matter of law by applying the statute to the facts of this case and thereafter dismissing the indictment on that basis. Moreover, it is apparent that Jarvis' original August 5, 1997 trial date was well within the confines of the two hundred seventy day period in which the state is required to bring an accused felon to trial. See R.C. 2945.71(C)(2). This includes the ten day period between the time of Jarvis' May 21, 1996 arrest and the date the charges were dismissed. Thus, Jarvis was credited for that time as is required when the state moves the court to nolle prosequi charges and then reissues charges stemming from identical facts. SeeState v. Broughton (1991), 62 Ohio St.3d 253; State v. Bonarrigo
(1980), 62 Ohio St.2d 7; State v. Clay (1983),9 Ohio App.3d 216.[5]
In light of the foregoing analysis, the state's sole assignment of error has merit. The judgment of the trial court is reversed, and the case is hereby remanded for further proceedings consistent with this opinion. ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs.
O'NEILL, J., dissents with Dissenting Opinion.
[1] For clarity's sake, we will refer to appellant as "the state" and appellee as "Jarvis."
[2] Although it is not entirely clear, it appears that those ten days of incarceration were for the alleged offenses of May 21, 1996.
[3] The record reveals that Jarvis' sentence was actually six to eighteen months and that the state was mistaken at that preliminary hearing.
[4] The record before this court does not contain a judgment entry formally dismissing the charges.
[5] In these situations, the period up to the dismissal of the first complaint is counted, and then time is tolled until the date of the accused's arrest following the reissuing of the charges. See Broughton at paragraphs one and two of the syllabus; Bonarrigo at 11. Thus, the clock stopped on May 31, 1996 and began ticking again on June 27, 1997, the date of Jarvis' second arrest following the April 30, 1997 indictment.
RE: NOTE FROM ANN ABOUT REWRITE ON 97-P-0101, STATE v. JARVIS
11-27-98
Dear Judge Christley:
From our brief prior discussion of the rewrite in this case, I understood that you wanted me to look over the section you added about the dissent per Judge Ford's comments. Specifically, you added a section that held that Crim.R. 48 superseded R.C. 2941.33, thereby invalidating the "good cause" requirement found in R.C.2941.33. As a result, you held that the Pfeifer case quoted by the dissent was incorrect as a matter of law. Judge Ford wrote this in his memo to you which explained why he did not want to rely onPfeifer and adopt the dissent as the majority position.
While I am definitely not suggesting that Judge Ford is wrong, I think we would need to do quite a bit more analysis before we could hold that Crim.R. 48 supersedes R.C. 2941.33 on the issue of whether the state must show "good cause" before a valid nolleprosequi is entered. In particular, the issue appears to be one of first impression. Unfortunately, I can't find any other case which discusses how Crim.R. 48 supersedes R.C. 2941.33 in this context. In fact, the other appellate districts (besides the Eighth District in Pfeifer) essentially approach the matter as if the two co-exist without conflict. There is no Ohio Supreme Court case discussing the issue.
Consequently, I would recommend leaving out the section which addresses the dissent if at all possible and just resting on the body of the opinion. (Please note that I took it out of this re-write copy.) However, if you still want to keep it, I will, of course, be happy to re-write it with a more lengthy discussion of how Crim.R. 48 could be interpreted to supersede R.C. 2941.33. Please let me know what you decide. Thanks.