[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kenneth Hughes, appeals convictions for one count of murder and two counts of felonious assault related to the death of his twelve-week-old son, Joshua Hughes. The record shows that Joshua died on September 22, 1999, after Hughes violently hit and shook the child.
Hughes was arrested the next day, September 23, 1999, following an autopsy that revealed both recent and older injuries to the child. In an interview with police that day, he admitted to inflicting the injuries that caused the child's death. He also admitted to shaking and hitting the child on previous occasions.
On September 30, 1999, Hughes was indicted in the case numbered B-9907409 for one count of aggravated murder pursuant to R.C. 2903.01(C) with capital specifications, one count of murder pursuant to R.C.2903.02(B), and one count of felonious assault pursuant to R.C.2903.11(A)(1). This indictment related to the events of September 22, 1999, and the injuries that caused the child's death.
Following a jury trial held in September and October 2000, Hughes was acquitted of aggravated murder, but convicted of murder and felonious assault. The trial court sentenced Hughes to serve fifteen years to life in prison on the murder conviction. It merged the felonious assault with the murder conviction for sentencing.
On October 11, 2000, Hughes was again indicted in the case numbered B-0007971 for one count felonious assault for injuries sustained by the child "on an undetermined date in the summer of 1999[.]" He filed a motion to dismiss the indictment on the grounds that he was not brought to trial within the period required by Ohio's speedy-trial statutes. The trial court overruled the motion. Subsequently, Hughes entered a no-contest plea and was found guilty. The trial court sentenced him to serve eight years in prison, which was made consecutive to the prison term imposed in the case numbered B-9907409.
Hughes presents three assignments of error for review, which we will address out of order. In his second assignment of error, Hughes contends that the trial court erred in convicting and sentencing him on the charge in the second indictment. He contends that the state violated his speedy-trial rights by failing to try him on that indictment within the time limits set by R.C. 2945.71, et seq. This assignment of error is well taken.
Pursuant to R.C. 2945.71(C) and (E), a person against whom a felony charge is pending who is held in jail in lieu of bail shall be brought to trial within ninety days. State v. McDonald (1976), 48 Ohio St.2d 66,357 N.E.2d 40; State v. Hirsch (1998), 129 Ohio App.3d 294, 717 N.E.2d 789. If the accused is not brought to trial within that time, absent an extension pursuant to in R.C. 2945.72, the accused must be discharged upon a motion made prior to trial. R.C. 2945.73(B); State v. Bonarrigo
(1980), 62 Ohio St.2d 7, 402 N.E.2d 530; State v. Geraldo (1983),13 Ohio App.3d 27, 468 N.E.2d 328.
Both this court and the Ohio Supreme Court have held that when new and additional charges arise from the same facts underlying the original charge and the state knew of those facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original charge. State v. Adams (1989), 43 Ohio St.3d 67,538 N.E.2d 1025; State v. Cooney (1997), 124 Ohio App.3d 570,706 N.E.2d 854. In this case, Hughes was not even indicted in the case numbered B-000795, much less tried, until over a year after his arrest, which was well over the ninety-day time limit plus any possible extension. The state contends the original speedy-trial timetable did not apply to the second indictment because the new charge arose from facts that the state did not know at the time of the initial indictment. SeeState v. Baker (1997), 78 Ohio St.3d 108, 676 N.E.2d 883. The record shows otherwise.
The autopsy that showed the injuries that resulted in the original charges in the case numbered B-9907409 also showed healing rib and skull fractures that were approximately a week old. In his statement to the police shortly after his arrest, Hughes acknowledged hitting and shaking the child on occasions before he inflicted the fatal injuries. Consequently, the state knew all of the operative facts at the time of the initial indictment. The speedy-trial period for the second indictment began to run at the time of Hughes's arrest. Since he was not tried within the ninety-day period required by the statute, the trial court erred in overruling his motion to dismiss the indictment in the case numbered B-0007971. See Cooney, supra; State v. Clay (1983),9 Ohio App.3d 216, 459 N.E.2d 609.
Under this assignment of error, Hughes also argues that he was improperly sentenced. He argues that the trial court erred in imposing maximum, consecutive sentences. Since Hughes should have been discharged on the felonious-assault conviction in the case numbered B-000795, the eight-year prison term imposed consecutive to the term imposed in the case numbered B-9907409 was void. Consequently, we need not reach the issue of whether the trial court properly imposed consecutive sentences.
We would have little trouble holding that clear and convincing evidence supported the trial court's finding that Hughes committed the worst form of murder, given the victim's age, Hughes's parental relationship to the victim, and the severity of the victim's injuries. See State v. Edmonson
(1999), 86 Ohio St.3d 324, 715 N.E.2d 131; State v. Parsons (Nov. 26, 1999), 1st Dist. No. C-980900; State v. Napier (Aug. 28, 1998), 1st Dist. No. C-970383. We need not reach that issue, however, since R.C.2929.02(B) provides that whoever is convicted of murder pursuant to R.C.2903.02 shall be imprisoned for an indefinite term of fifteen years to life. This sentence is mandatory, and the trial court had no discretion in sentencing Hughes on the murder charge. State v. Goucher (Dec. 16, 1998), 3rd Dist. No. 4-98-12; State v. Lowery (Mar. 13, 1998), 1st Dist. No. C-961035.
Accordingly, we sustain Hughes's second assignment of error as it relates to the felonious-assault conviction and the sentence in the case numbered B-0007971. We reverse that conviction and order that he be discharged from further prosecution in that case. We overrule the assignment of error as it relates to the sentence imposed in the case numbered B-9907409.
In his first assignment of error, Hughes contends that the evidence was insufficient to support the convictions for murder and felonious assault in the case numbered B-9907409, and that those convictions were against the manifest weight of the evidence. This assignment of error is not well taken.
The standards for reviewing the weight and the sufficiency of evidence to support a conviction are different. State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Ashbrook (Apr. 30, 1997), 1st Dist. No. C-960535. The evidence is insufficient to support a conviction if the prosecution completely fails to prove its case, and a retrial would, therefore, be constitutionally barred. Thompkins, supra;Ashbrook, supra.
Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Hughes had knowingly caused serious physical harm to Joshua Hughes. Consequently, the evidence was sufficient to support the conviction for felonious assault pursuant to R.C.2903.11(A)(1). See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492; State v. Salinas (1997), 124 Ohio App.3d 379,706 N.E.2d 381.
Similarly, the evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Hughes had caused Joshua's death while committing or attempting to commit felonious assault, an offense of violence that is a second-degree felony. Consequently, the evidence was sufficient to support the conviction for felony murder pursuant to R.C. 2903.02(B). See Jenks, supra; State v.Chism (1993), 92 Ohio App.3d 317, 635 N.E.2d 54; State v. Hill, 1st Dist. No. C-010176, 2002-Ohio-1906; State v. Pickett, 1st Dist. No. C-000424, 2001-Ohio-4022.
Even if a court of appeals concludes that the evidence is sufficient to support a conviction, it may nevertheless conclude that the conviction is against the manifest weight of the evidence. Thompkins, supra; Ashbrook, supra. After reviewing the evidence, we cannot conclude that the trier of fact lost is way and created such a manifest miscarriage of justice that we must reverse Hughes's convictions and order a new trial. Therefore the convictions are not against the manifest weight of the evidence.Thompkins, supra; State v. Allen (1990), 69 Ohio App.3d 366,590 N.E.2d 1272. Accordingly, we overrule Hughes's first assignment of error and affirm the convictions in the case numbered 9907409.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.