OPINION
{¶ 1} Defendant, Lester Thomas Morris, appeals from his convictions for sexual battery and attempted sexual battery, which were entered on his pleas of no contest after the trial court denied Morris' motion for discharge for a violation of his speedy trial rights.
 {¶ 2} Morris was arrested on January 15, 1998. He was subsequently indicted on three charges arising from that arrest: rape, attempted rape, and corrupting another with drugs. Morris remained incarcerated on those three charges until his trial commenced, on April 2, 1998. Morris was convicted of all three charges and was sentenced pursuant to law.
 {¶ 3} Morris appealed from his rape and attempted rape convictions. We reversed and vacated those convictions for insufficient evidence. State v. Morris (August 27, 1999), Montgomery App. No. 17287. However, Morris remained incarcerated on his sentence for the companion offense of corrupting another with drugs, from which he had not appealed.
 {¶ 4} Morris completed his sentence and was released from prison in October of 1999. On December 14, 1999, he was indicted for sexual battery and attempted sexual battery. Eight days later, on December 22, 1999, Morris filed a motion to dismiss those charges for violation of his speedy trial rights.
 {¶ 5} The trial court denied Morris' speedy trial claim on February 25, 2000. The court found no violation of the speedy trial provisions of R.C. 2945.71, et seq., holding that those provisions have no application to "retrials." The court went on to analyze the claim on constitutional standards imposed by the Sixth Amendment and found no speedy trial violation.
 {¶ 6} Morris filed another motion to dismiss, arguing that the prosecution on the charges in his second indictment was barred by double jeopardy. The trial court agreed and dismissed the indictment. We reversed on appeal and reinstated it. State v. Morris (March 9, 2001), Montgomery App. No. 18321. Morris' subsequent appeals to the Ohio Supreme Court and the United States Supreme Court were denied.
 {¶ 7} On the remand from our reversal, Morris entered a plea of no contest to the sexual battery and attempted sexual battery charges on January 10, 2002. He was convicted on his pleas, and was sentenced to five years community control and designated a sexually oriented offender. He filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "The trial court erred in denying the motion to dismiss pursuant to Ohio Rev. Code 2945.73(B) filed on December 22, 1999."
 {¶ 9} Morris doesn't challenge the trial court's decision concerning his constitutional speedy trial rights. Instead, he challenges the court's decision on his statutory speedy trial claim.
 {¶ 10} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachay (1980), 64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when criminal charges are placed against a defendant. They continue in operation so long as those charges remain pending, until he is brought to trial.
 {¶ 11} A person against whom a felony charge is pending must be brought to trial on that charge within two hundred and seventy days after his related arrest. R.C. 2945.71(C). Any one day of incarceration during that time counts as three days toward the two hundred and seventy day limit. R.C. 2945.71(E). However, the time is tolled during any period in which any of the extension provisions of R.C. 2945.72 apply.
 {¶ 12} The terms of R.C. 2945.71, et seq., are peremptory and mandatory, but not self-executing. In order to prosecute his rights under those provisions a defendant must file a motion for discharge pursuant to R.C. 2945.73. The merits of that claim are determined as of the date the motion is filed, not as of when it is decided or when, after a denial, a defendant is brought to trial.
 {¶ 13} Defendant filed his R.C. 2945.73 motion for discharge on December 22, 1999. The charges of sexual battery and attempted sexual battery it concerned had been filed against him on December 14, 1999, eight days earlier. He was not incarcerated during that time. As a result, he is entitled to eight days credit against his statutory speedy trial time with respect to those charges.
 {¶ 14} Defendant argues, as he did in the trial court, that in addition to those eight days he is also entitled to the benefit of the statutory speedy trial time applicable to the prior charges of rape and attempted rape, commencing when he was arrested on January 15, 1998 until he was brought to trial on those charges on April 2, 1998. Between those times, seventy-seven days elapsed. He remained incarcerated during that time on those charges and the charge of corrupting another with drugs. Per the triple count provisions of R.C. 2945.71(E), Morris is entitled to credit for two hundred and thirty-one speedy trial days for that time. When the eight days following his second indictment are added to that, a total of two hundred and thirty-nine days elapsed out of the maximum of two hundred and seventy that R.C. 2945.71(C) permits when Morris filed his motion for discharge.
 {¶ 15} The State argues that none of the speedy trial time applicable to the prior rape and attempted rape charges apply at all to the statutory speedy trial requirements that Defendant invoked on December 27, 1999, with respect to his sexual battery and attempted sexual battery charges. The State concedes, however, that those subsequent charges arise from the same conduct as the former charges. In that circumstance, and so long as the State knew of the facts supporting both set of charges, the statutory speedy trial time applicable to the earlier charges attaches as well to the later charges. State v. Adams
(1989), 43 Ohio St.3d 67; State v. Bonarrigo (1980), 62 Ohio St.2d 7.
 {¶ 16} The trial court rejected Defendant's efforts to add the speedy trial time applicable to the prior rape and attempted rape charges to his motion for discharge on the sexual battery and attempted sexual battery charges, holding that R.C. 2945.71 does not apply to "retrials." The court cited and relied on State v. Girts (1997), 121 Ohio App.3d 539, and State v. Roughton (1999), 132 Ohio App.3d 268. On appeal, the State urges us to adopt the same position, relying on State v. Fanning (1982),1 Ohio St.3d 19.
 {¶ 17} In Fanning, a trial had terminated in a mistrial. The court held that the interval between the declaration of a mistrial and commencement of the second trial, which it termed a "retrial," did not count toward the defendant's statutory speedy trial time. That holding is in accord with the view that the requirements of R.C. 2945.71, et seq. apply only until trial on the charges involved is commenced, and that when the trial terminates in a mistrial the second trial is but a continuation of the same trial proceeding. Therefore, and even though charges remain pending in the interval between the two phases of the same trial proceedings, that interval does not count against a defendant's statutory speedy trial time, so long as the period of time is reasonable. Roughton,Girts. Whether it is reasonable is determined on the constitutional speedy trial standards set out in Barker v. Wingo (1972), 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101. Girts.
 {¶ 18} Defendant's first trial terminated in a conviction, not a mistrial. The second proceeding that commenced with his indictment on December 14, 1999, was a wholly separate proceeding on different charges, based on facts known to the State when the prior charges were filed. Therefore, the speedy trial time applicable to the first charges of rape and attempted rape apply as well to the subsequent sexual battery and attempted sexual battery charges, for a total of two hundred and thirty-nine speedy trial days that had elapsed when Defendant filed his motion for discharge.
 {¶ 19} Seizing on the view that the second proceeding is not a retrial, Morris argues that the statutory speedy trial time applicable to the charges it involved commenced running not with his second indictment but, instead, when we reversed his convictions for rape and attempted rape on August 27, 1999. In that event, the two hundred and seventy day limit was plainly exceeded when the motion for discharge was filed.
 {¶ 20} We do not agree. After we vacated Morris' convictions for rape and attempted rape there were no charges pending against him arising from the conduct to which those charges related until he was indicted for sexual battery and attempted sexual battery on December 14, 1999. Because Ohio's statutory speedy trial scheme requires the pendency of charges of some kind, the hiatus between our decision and the later indictment doesn't count against Morris' R.C. 2945.71 speedy trial time.
 {¶ 21} On the foregoing analysis, only two hundred and thirty-nine statutory speedy trial days had expired when Morris filed his motion for discharge on December 22, 1999. Two hundred and seventy days are permitted. R.C 2945.71(C). Therefore, the trial court did not err when it denied the motion.
 {¶ 22} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 23} "This court erred in determining that the second indictment did not violate the double jeopardy clause of the Ohio Constitution and the United States Constitution."
 {¶ 24} Defendant argues that Double Jeopardy barred the State's second indictment charging him with sexual battery and attempted sexual battery after he was acquitted of rape and attempted rape. Defendant concedes that this court previously considered and rejected this same claim on its merits during a prior appeal in this case. State v. Morris
(March 9, 2001), Montgomery App. No. 18321.
 {¶ 25} Pursuant to the doctrine of law of the case, the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. DeRolph v. State, 93 Ohio St.3d 309, 311,2001-Ohio-1343; Nolan v. Nolan (1984), 11 Ohio St.3d 1.
 {¶ 26} As Defendant rightly acknowledges, further review of the double jeopardy issue in this case by this court is barred by the law of the case doctrine.
 {¶ 27} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.