OPINION
{¶ 1} Defendant, Richard A. Hughes, appeals from his convictions for forgery and the sentences imposed pursuant to law on those convictions, which were entered on his pleas of no contest after the trial court denied Hughes' motion to dismiss. The motion alleged, interalia, that Hughes' statutory speedy trial rights had been violated. The trial court found no basis for the claim, and we agree. Accordingly, we will affirm Hughes' conviction and sentence.
 {¶ 2} In 2001, Hughes was arrested, indicted, and convicted for two counts of forgery in common pleas court case number 01-CR-3368. Hughes was sentenced to serve a five year term of community control. He did not appeal.
 {¶ 3} Four additional forgery charges were brought against Hughes in 2002 in common pleas court case number 02-CR-930. The criminal conduct charged was alleged to have occurred on October 2 and 4, 2001. The criminal conduct on which Hughes' prior convictions in case number 01-CR-3368 were founded had occurred on October 5, 2001.
 {¶ 4} Hughes was indicted on the forgery charges in case number 02-CR-930 on June 17, 2002. It is unclear from this record when Hughes was arrested on those charges. The State asserts that he was incarcerated on those charges subsequent to his indictment, commencing on June 28, 2002.
 {¶ 5} On July 26, 2002, Hughes filed a motion to dismiss the charges in case number 02-CR-930. The motion presented two grounds for relief. One was double jeopardy. The other was speedy trial. The trial court denied the motion on both its grounds. Hughes entered a negotiated plea of no contest to two of the forgery charges in case number 02-CR-930 on August 28, 2002, and was convicted. He was subsequently sentenced pursuant to law, and after that filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 6} "Judge Huffman Erred In Not Granting Defendant's Motion To Dismiss On Speedy Trial Grounds."
 {¶ 7} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachay (1980), 64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when criminal charges are placed against a defendant. They continue in operation so long as those charges remain pending, until he is brought to trial.
 {¶ 8} Hughes' contentions on appeal concern the violation of his statutory speedy trial right which his motion alleged. He has abandoned the claim that his right against double jeopardy was violated.
 {¶ 9} R.C. 2945.71(C)(2) requires the State to bring a person against whom a charge of felony is pending to trial within two hundred seventy days after the person's arrest. Each day defendant is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). The merits of a motion for discharge for a violation of speedy trial rights made pursuant to R.C. 2945.73 are determined as of the date the motion is filed, not when it is decided or when, after a denial, a defendant is brought to trial. State v. Morris (March 7, 2003), Montgomery App. No. 19283, 2003-Ohio-1049.
 {¶ 10} Defendant contends that the charges in case number 02-CR-930 arise out of the same facts and conduct that gave rise to the charges in case number 01-CR-3368, for which he was prosecuted and convicted in 2001. If that is true, and so long as the State then also knew of the facts supporting the charges in case number 02-CR-930, the statutory speedy trial time limits applicable to the former charges applies as well to the subsequent charges in the present case. State v.Adams (1989), 43 Ohio St.3d 67; State v. Bonarrigo (1980), 62 Ohio St.2d 7;Morris, supra. It is undisputed that those earlier time limits for bringing Defendant to trial began running on October 5, 2001, when he was arrested, and expired well before Defendant filed his motion for discharge in this case on July 26, 2002.
 {¶ 11} When it overruled Defendant's motion for discharge the trial court found that the charges in the present case did not arise from the same facts or conduct that gave rise to the charges in Case No. 01-CR-3368. To the contrary, the current charges are based upon conduct that occurred on October 2 and 4, 2001, whereas the former charges related to offenses committed on October 5, 2001. As the trial court correctly observed: "The two indictments, although generally similar in nature, are the result of separate facts and occurrences which transpired on different dates and which constitute separate and distinct criminal offenses." Accordingly, the statutory speedy trial time limits applicable to the earlier charges do not apply to the later charges at issue in this case.
 {¶ 12} The record does not clearly indicate when Defendant was arrested on the charges in the present case. However, the record does show that when he was indicted on those charges Defendant was then incarcerated on a detainer issued by a court in Ross County. Concurrent detention renders the triple count provision in R.C. 2945.71(E) inapplicable, allowing calculation of speedy trial time to be on a day-for-day basis. State v. Brown, 64 Ohio St.3d 476, 1992-Ohio-96; Statev. MacDonald (1976), 48 Ohio St.2d 66.
 {¶ 13} Defendant filed his motion to dismiss seeking his discharge on July 26, 2002. He had been indicted on the charges which the motion concerned on June 17, 2002. Only thirty-nine days had passed in the interval between those dates. If, as the State contends, Defendant was incarcerated on the charges on June 28, 2002, subsequent to his indictment and assuming that his incarceration was on the date of his arrest, only twenty-eight actual days had then passed since his arrest when the motion to dismiss was filed.
 {¶ 14} The State had two hundred and seventy days to bring Defendant to trial if the R.C. 2945.71(E) triple count provisions did not apply, and ninety days if they did. In either event, Defendant's motion to dismiss that Defendant filed on July 26, 2002, was premature, and the court properly overruled it.
 {¶ 15} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J., and YOUNG, J., concur.