DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Stephen J. Baloh, appeals the judgment of the Wadsworth Municipal Court denying his motion to dismiss for lack of a speedy trial. This Court affirms.
 I. {¶ 2} On July 12, 2003, appellant was cited for driving under the influence (DUI). On July 16, 2003, appellant appeared at the Wadsworth Municipal Court and signed an "Appearance and Entry of Plea Waiver of Speedy Trial." Appellant was not informed either orally or in writing of the meaning of a speedy trial or the effect of waiving this right. This matter was scheduled for trial on August 26, 2003. On this same day the trial court, on its own motion, continued the trial due to the fact that an older case was going forward on that date. The trial court found the continuance to be reasonable under R.C. 2954.72(H). The trial court rescheduled the trial for November 20, 2003. On November 19, 2003, the trial court, on its own motion, continued the trial because a trial that was already in progress was to resume on this day. Again the trial court found this continuance to be reasonable under R.C. 2954.72(H). The trial was rescheduled for December 18, 2003. On December 2, 2003, the State filed a motion to continue the trial because the arresting officer could not make the trial. The trial court granted this motion, finding the continuance to be reasonable. The trial was rescheduled for January 29, 2004. Just before trial on January 29, 2004, appellant filed a motion to dismiss on the basis of a violation of his speedy trial rights. The trial court denied the motion. The trial proceeded and appellant was found guilty of DUI. Appellant was subsequently sentenced and timely appealed.
 II. Assignment of Error
"The court erred in denying the appellant's motion to dismiss the case for failure to bring the matter to trial within the time prescribed by ohio revised code § 2945.71."
 {¶ 3} In his sole assignment of error, appellant argues the trial court erred in not granting the appellant's motion to dismiss the case for lack of a speedy trial. This Court disagrees.
 {¶ 4} The right to a speedy trial by the state is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. Klopfer v. North Carolina (1967), 386 U.S. 213,222-223. This same right is conferred to a criminal defendant by Section10, Article I of the Ohio Constitution. State v. O'Brien (1987),34 Ohio St.3d 7, 8. R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld. State v.Pachay (1980), 64 Ohio St.2d 218, syllabus. A criminal defendant may waive his right to a speedy trial only if it is knowingly, voluntarily and intelligently made. State v. Adams (1989), 43 Ohio St.3d 67, 69. The waiver must also be expressed in writing or made in open court on the record. State v. King (1994), 70 Ohio St.3d 158, syllabus.
 {¶ 5} Here, appellant claims that he did not waive his right to a speedy trial because the waiver he gave was not given knowingly. Appellant argues he signed the form only to enter a not guilty plea and that he did not know he was waiving his right to a speedy trial. The waiver of speedy trial was contained on the pre-printed form without explanation of its meaning or the consequence of its waiver. This Court agrees that under the circumstances here, appellant did not knowingly, intelligently and voluntarily waive his right to a speedy trial.
 {¶ 6} However, although appellant did not waive his right to a speedy trial, his conviction may still be affirmed since there was no violation of his speedy trial rights. R.C. 2945.72(H) provides that the statutory prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion. State v. Davis (Feb. 28, 1994), 4th Dist. No. 1578. Although several continuances were granted, the trial court found they were all reasonable, and appellant has not contested the reasonableness of the continuances on appeal. Thus, this Court has to presume the continuances were reasonable and in accord with R.C. 2945.72(H). Since the continuances satisfy R.C.2945.72(H), the time accrued for speedy trial purposes is only forty five days, which is within the ninety days prescribed by R.C. 2945.71(B)(2). As the appellant received a speedy trial, his sole assignment of error is overruled.
 III. {¶ 7} The decision of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., concurs.
Slaby, J., Concurs in judgment only.