OPINION
{¶ 1} Appellant, the state of Ohio, appeals the decision of the Ashtabula County Court of Common Pleas, granting appellee's, Kenneth Blackburn's, motion to dismiss the charges pending against him for the state's failure to bring him to trial within the period of time specified by law. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On December 17, 2004, Blackburn was arrested and charged in the Western County Court for illegal conveyance of weapons or prohibited items onto grounds of detention facility or institution, a felony of the third degree in violation of R.C. 2921.36, Case No. 04CA1049. On December 18, 2004, Blackburn posted bail and was released from custody. On December 22, 2004, the state dismissed the charge against Blackburn.
 {¶ 3} On February 22, 2005, a two-count indictment was filed against Blackburn, in Case No. 05CR58, charging him with conspiracy to commit illegal conveyance of weapons or prohibited items onto grounds of detention facility or institution, a felony of the fourth degree in violation of R.C. 2923.01 and 2921.36, and illegal conveyance of weapons or prohibited items onto grounds of detention facility or institution, in violation of R.C. 2921.36. Blackburn was served with this indictment on February 24, 2005. On December 5, 2005, the trial court dismissed the indictment without prejudice on the state's motion.
 {¶ 4} On February 6, 2006, a three-count indictment was filed against Blackburn, Case No. 06CR41, charging him with two counts of trafficking in drugs, felonies of the fourth and fifth degrees in violation of R.C.2925.03, and one count of conspiracy to trafficking in drugs, a felony of the third degree, in violation of R.C. 2923.01 and 2925.03. On February 16, 2006, Blackburn was arrested on this indictment and released under bond.
 {¶ 5} On March 14, 2006, Blackburn filed a motion to dismiss the charges against him for the state's failure to bring him to trial within the period of time specified by law. On May 11, 2006, the trial court granted Blackburn's motion. *Page 3 
 {¶ 6} The state timely appeals and raises the following assignment of error:
 {¶ 7} "The trial court erred in granting appellee's motion to dismiss on the grounds that the State failed to bring the case to trial within the statutory time requirements of R.C. 2945.71."
 {¶ 8} A person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C.2945.71(C)(2). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and2945.72 of the Revised Code." R.C. 2945.73(B). "* * * [S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).
 {¶ 9} The state acknowledges that the charges in all three indictments arise from essentially the same underlying facts and circumstances. Accordingly, the two hundred seventy day period for bringing Blackburn to trial began to run on December 17, 2004, the day of his initial arrest. State v. Adams (1989), 43 Ohio St.3d 67, 68, quoting State v.Clay (1983), 9 Ohio App.3d 216, 218 "'(* * * when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'") See, also, State v. Baker (1997), 78 Ohio St.3d 108, 110. *Page 4 
 {¶ 10} From Blackburn's initial arrest (December 17, 2004) to the dismissal of the first indictment (December 22, 2004), six days elapsed for purposes of the speedy trial count.[1]
 {¶ 11} From the service of the second indictment against Blackburn (February 24, 2005) to its subsequent dismissal (December 5, 2005), two hundred eighty four days elapsed.
 {¶ 12} From the date of Blackburn's arrest under the third indictment (February 16, 2006) until Blackburn's motion to dismiss was filed (March 14, 2006), twenty five days elapsed, fourteen of which were tolled due to Blackburn's request for discovery and a bill of particulars. R.C.2945.72(E). During the period of the third indictment, therefore, eleven days elapsed for the purposes of the speedy trial count.
 {¶ 13} Thus, from Blackburn's initial arrest to the filing of the motion to dismiss, three hundred and one days elapsed for the purposes of the speedy trial count.
 {¶ 14} The state argues the trial court miscalculated the speedy trial count. According to the state, the speedy trial count should have been tolled for an additional one hundred thirty-nine days during the pendency of the second indictment, due to Blackburn's requests for discovery, a bill of particulars, and continuation of the trial. R.C.2945.72(E) and (H). [2] As stated by the trial court, the issue "squarely presented" is whether the delays resulting from Blackburn's motions filed in Case No. 05CR58 are applicable in calculating the statutory time period in Case No. 06CR41. *Page 5 
 {¶ 15} The trial court rejected the state's argument. The trial court noted that the charges in the second indictment (illegal conveyance) differed in their essential elements from the charges in the third indictment (trafficking), although both indictments were predicated on the same facts. Cf. State v. Oliver (1995), 101 Ohio App.3d 587, 596
("[w]hen a person conveys a drug into a detention facility, drug trafficking as defined in R.C. 2925.03(A)(2) does not automatically occur * * *.")
 {¶ 16} The trial court also relied on the Ohio Supreme Court's decision in Adams, supra, at syllabus, which held: "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." The trial court found that the reasoning behind theAdams decision regarding waiver of the right to a speedy trial applied equally to decisions that merely tolled the speedy trial period.
 {¶ 17} On appeal, the state argues that Adams is not applicable in the present case, because a distinction exists "between speedy trial waivers and the provisions of R.C. 2945.72." We disagree that the distinction between the permanent relinquishment of one's speedy trial rights and merely tolling the time within which the accused must be brought to trial distinguishes the present case from the situation ofAdams. In State v. Homan (2000), 89 Ohio St.3d 421, 428, the Supreme Court elaborated the rationale behind the Adams decision: "[w]e noted inAdams that knowing and intelligent tactical decisions cannot be made until all of the facts are known by the accused, and this, of course, includes knowing the exact nature of the crimes charged. * * * When a defendant is unaware of the precise nature of the crimes *Page 6 
charged, he or she cannot make informed and intelligent tactical decisions about motion filings and other matters."
 {¶ 18} In the present case, the trial court calculated that three hundred and one days had elapsed for the purpose of bringing Blackburn to trial. The state argued that the delay of one hundred twenty days was occasioned, however, by Blackburn's motion to continue his trial date, under the second indictment, from June 7, 2005, until October 4, 2005. The grounds for this continuance were that Blackburn had retained new counsel and, thus, required additional time to prepare for trial. InAdams, the Ohio Supreme Court considered whether a defendant's waiver of speedy trial rights for an initial charge of driving while having a prohibited concentration of alcohol applied to a subsequently-filed charge of operating a vehicle while under the influence of alcohol. Both charges stemmed from the same set of facts, but involved different subsections of R.C. 4511.19(A). Ultimately, the Supreme Court decided that the initial waiver did not apply to the additional charge. In particular, the court stressed that: "[u]naware that his original waivers could affect the course of a subsequent charge, [defendant] did not have sufficient knowledge of the consequences of his actions at the time he executed the waivers * * *." Adams, supra, at 69.
 {¶ 19} Both charges in Adams involved the same set of facts, and the Supreme Court focused on the fact that subsequent charges could involve different defenses at trial. The court concluded that because of these differences, a defendant might waive speedy trial rights for one charge, but might not be willing to waive a speedy trial for the other. Id. at 69-70. Accordingly, the court held that "a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes *Page 7 
knowing the exact nature of the crime he is charged with." Id. at 70. This case is similarly situated to Adams in that a defense request for continuance for new counsel or to prepare for trial in a prior indictment cannot apply to speedy trial time when the state, which bears the burden of proof, files three different times with three differing sets of indictments on the same set of facts.
 {¶ 20} The state's position ignores the plain language of Ohio's speedy trial statute and in not recognizing that the defendant cannot possibly knowingly waive his speedy trial right to trafficking in drugs eight months before the crime is indicted. Furthermore, its analysis is wholly at odds with the Supreme Court in Adams.
 {¶ 21} For the foregoing reasons, we hold that R.C. 2945.72(E) does not apply to toll speedy trial in prior indictments for purposes of subsequent indictments filed by the state when each indictment contains different charges arising under the same set of facts.
 {¶ 22} For the foregoing reasons, the state's sole assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas, granting Blackburn's motion to dismiss the charges, is affirmed.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] Although only four days elapsed, the triple-count provision in R.C. 2945.71(E) applied to the one day that Blackburn remained in custody.
[2] Blackburn filed his discovery requests on March 7, 2005, and the state responded on March 25, 2005 (19 days). On June 7, 2005, Blackburn filed a motion to continue his trial, which was continued until October 4, 2005 (120 days).