THE STATE OF OHIO, APPELLANT, *v.* BLACKBURN, APPELLEE.

[Cite as *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823.]

(No. 2007–0519—Submitted February 6, 2008—Decided April 23, 2008.)

**LUNDBERG STRATTON, J.**

{¶ 1} We must determine whether the periods of delay resulting from motions filed by a criminal defendant in a previous case also apply when calculating the time within which the defendant must be brought to trial in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case.

{¶ 2} The state is appealing the dismissal of criminal charges against the defendant-appellee, Kenneth Blackburn, for its failure to bring the case to trial within 270 days, as required by R.C. 2945.71(C)(2). This is the third case in which charges have been brought against Blackburn stemming from events that occurred on December 17, 2004.

## Case No. 2004–CRA–1049

{¶ 3} On December 17, 2004, Blackburn was arrested and charged with the illegal conveyance of weapons or prohibited items onto the grounds of a detention facility or institution, in violation of R.C. 2921.36, a third-degree felony. He spent one day in jail. On December 22, 2004, the state voluntarily dismissed the case without prejudice.

## Case No. 2005–CR–58

{¶ 4} On February 22, 2005, Blackburn was again charged with violating R.C. 2921.36 and also with conspiracy in violation of R.C. 2923.01. Blackburn requested discovery on March 7, 2005, which tolled the statutory time limit for 19 days until the state responded on March 25, 2005.

{¶ 5} On June 7, 2005, Blackburn filed a motion for a continuance because he had retained new counsel, who needed additional time to prepare. The motion included language that Blackburn was waiving his speedy-trial right for the period of time resulting from the continuance. The court granted the motion and rescheduled the trial. This motion thus extended the speedy-trial time.

{¶ 6} On December 5, 2005, at the state's request, the court dismissed the indictment without prejudice.

## Case No. 2006–CR–41

{¶ 7} On February 6, 2006, Blackburn was charged with two felony counts of trafficking in drugs in violation of R.C. 2925.03 and one count of conspiracy in violation of R.C. 2923.01(A)(1). He was arrested on February 16, 2006.

{¶ 8} On March 14, 2006, Blackburn filed a motion to dismiss for the state's failure to bring him to trial within 270 days, pursuant to R.C. 2945.71(C)(2). The trial court determined that 301 days had elapsed since the defendant's original arrest on December 17, 2004. The court granted the motion and dismissed all

charges. The court's calculations of his speedy-trial time included the delays caused by Blackburn's motions in case No. 2005–CR–58 for discovery and for a continuance. The court relied on *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, which held that "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." Id. at syllabus.

{¶ 9} On appeal, the state argued that *Adams* applied to a waiver of speedy-trial rights and that this case involves tolling of the time for a speedy trial under R.C. 2945.72. The Ashtabula County Court of Appeals rejected that argument, holding that "R.C. 2945.72(E) does not apply to toll speedy trial in prior indictments for purposes of subsequent indictments filed by the state when each indictment contains different charges arising under the same set of facts." *State v. Blackburn*, Ashtabula App. No. 2006-A-0029, 2007-Ohio-1071, 2007 WL 725821, at ¶ 21. The court of appeals affirmed the dismissal of charges.

{¶ 10} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. R.C. 2945.71 implements this guarantee with specific time limits within which a person must be brought to trial. If a defendant demonstrates that his or her speedy-trial right has been violated, he or she may seek dismissal of the criminal charges. R.C. 2945.73.

{¶ 11} A person's speedy-trial time may be waived or the period may be tolled under certain circumstances. R.C. 2945.72; *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903. In this case, Blackburn was charged with a felony. He had to be brought to trial within 270 days after his arrest. R.C. 2945.71(C)(2). Since the charges in all three cases against Blackburn arose from the same underlying circumstances, the parties agree that the statutory time for a speedy trial dates back to December 17, 2004, when he was originally charged. *Adams*, 43 Ohio St.3d at 68, 538 N.E.2d 1025; *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 11, 16 O.O.3d 4, 402 N.E.2d 530.

{¶ 12} The narrow issue before us is whether to include the delays resulting from defense motions filed in Blackburn's second case, No. 2005–CR–58, in calculating his speedy-trial time. The state argues that the delays result in the statutory tolling of time, and *Adams*, which involved the waiver of time, does not apply.

{¶ 13} In *Adams*, the court addressed the effect of the defendant's waiver upon a subsequently filed charge that arose out of the same facts as the former charge. Adams was arrested on July 12, 1986, and charged with operating a motor vehicle under the influence of alcohol ("OMVI") in violation of R.C. 4511.19(A)(3). On

more than one occasion, he executed waivers of the time-limitation period for trial. The initial charge was dismissed on October 22, 1986.

{¶ 14} On October 23, 1986, Adams was again charged with OMVI, this time in violation of R.C. 4511.19(A)(1), based on the same facts as the first complaint. He moved to dismiss on December 31, 1986, alleging that the state failed to comply with the speedy-trial requirements. The trial court overruled his motion. The court of appeals affirmed.

{¶ 15} The issue before us in *Adams* was as follows: "When an accused waives the right to a speedy trial as to an initial charge, can this waiver apply to a subsequently filed charge which arises out of the same facts as the former charge, when the later charge is brought after a *nolle prosequi* is entered as to the first charge?" 43 Ohio St.3d at 68, 538 N.E.2d 1025. The *Adams* court acknowledged that a criminal defendant's "waiver must be done knowingly, voluntarily and intelligently." Id. at 69, 538 N.E.2d 1025. "For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver." Id. At the time Adams executed the waivers as to his original charge, he was unaware that they would apply to any subsequent charges that arose out of the same facts. In addition, the subsequent charge was different and could involve different defenses. Therefore, at the time of the waivers, Adams was unable to make a knowing and intelligent waiver as to the second charges. *Adams* held that the waivers did not apply to extend the speedy-trial time as to the subsequent charge.

{¶ 16} The state argues that there is a distinction between a speedy-trial waiver and the tolling provisions in R.C. 2945.72. We agree that these are two separate, distinct concepts that affect speedy-trial calculations in different ways.

{¶ 17} A waiver is an intentional relinquishment of a known right. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 18; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 31. "As with other fundamental rights, a defendant can waive the right to a speedy trial." *State v. Adams*, 43 Ohio St.3d at 69, 538 N.E.2d 1025. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus. On the other hand, R.C. 2945.72 provides circumstances that extend or toll the time within which an accused must be brought to trial but do not involve an intentional relinquishment of the fundamental right. R.C. 2945.72(H) extends the speedy-trial time for "[t]he period of any continuance granted on the accused's own motion."

{¶ 18} The Second District Court of Appeals aptly described the difference: "Speedy-trial waivers are distinct from the provisions in R.C. 2945.72 that extend

the statutory speedy-trial time by tolling it. A waiver relinquishes the right, at least until the waiver is withdrawn. Tolling doesn't waive the speedy-trial right, however." *State v. Kerby*, 162 Ohio App.3d 353, 2005-Ohio-3734, 833 N.E.2d 757, ¶ 62. The statute may be tolled whether or not a waiver has been executed.

{¶ 19} In *Adams*, the defendant executed waivers that intentionally relinquished his speedy-trial rights for specific time periods as to the original charge against him. We held that the waivers did not apply to new charges that arose out of the same underlying facts because the defendant lacked sufficient knowledge to voluntarily and intentionally relinquish the right as to the subsequent charge of which he had no knowledge. However, this justification does not apply to the statutory tolling of speedy-trial time under R.C. 2945.72. Tolling occurs by operation of the statute. In case No. 2005–CR–58, Blackburn asked for additional time so that his new counsel could prepare his case. When the trial court granted Blackburn's motion, his speedy-trial time was automatically extended under R.C. 2945.72(H). Unlike waiver, statutory tolling does not necessarily require an informed, tactical decision.

{¶ 20} This case differs from *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, which involved multiple charges in one case. Homan was initially charged with driving under the influence ("DUI"). Her counsel filed a motion to suppress, which automatically tolled the speedy-trial time as to the DUI charge. The state then charged the defendant with child endangering, which arose from the same circumstances as the DUI. We held that the period of delay occasioned by the motion to suppress did not toll the speedy-trial time as to the subsequent child-endangering charge. Unlike Homan's tactical decision to file a motion to suppress, Blackburn filed the motion to continue the trial to allow his newly hired counsel time to prepare.

{¶ 21} The concepts of waiver and tolling do not benefit only the defendant's right to a speedy trial. They also advance "the public's interests not only in the prompt adjudication of criminal cases, but also in obtaining convictions of persons who have committed criminal offenses against the state." *State v. Bonarrigo*, 62 Ohio St.2d at 11, 16 O.O.3d 4, 402 N.E.2d 530. Like the court below, in *Homan*, we decided a matter of tolling based on *Adams*, which addressed waiver. However, as we have explained, a speedy-trial waiver and the tolling provisions in R.C. 2945.72 are separate concepts. A defendant's express waiver of a right to a speedy trial allows additional time at that defendant's request, whereas the automatic tolling of time, under circumstances described in R.C. 2945.72, operates to protect the state's ability to adequately prosecute persons who have committed crimes.

{¶ 22} Blackburn contends that his motion to continue contained waiver language. But waiver language is not necessary in a motion to continue.

Blackburn does not contend that the court conditioned his continuance upon a waiver. There is no evidence that there was a discussion of waiver in open court. Therefore, we do not consider the sentence concerning waiver in the motion to be dispositive, because the tolling provisions of R.C. 2945.72 automatically apply regardless of whether Blackburn also waived time.

{¶ 23} Consequently, we hold that in calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case. We reverse the judgment of the court of appeals and remand to the trial court to recalculate the defendant's speedy-trial time consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., and O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

--------

**LANZINGER, J., dissenting.**

{¶ 24} I respectfully dissent and would affirm the judgment of the court of appeals. The majority creates an artificial distinction between a waiver of speedy-trial rights and the tolling of time that occurs by operation of R.C. 2945.72. In both situations, the speedy-trial clock stops running, to the benefit of the state. I would hold that the reasoning of *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, applies to this case.

{¶ 25} The trial court calculated that 301 days had passed from the date the speedy-trial time of 270 days began in Blackburn's case. According to the court of appeals, six days elapsed before the first case was dismissed by the state. *State v. Blackburn*, 11th Dist. No. 2006–A–0029, 2007-Ohio-1071, 2007 WL 725821, at ¶ 10. From the service of the second indictment of Blackburn (February 24, 2005) to its dismissal (December 5, 2005), 284 days elapsed. Id. at ¶ 11. From Blackburn's arrest on the third indictment (February 16, 2006) until his motion to dismiss was filed (March 14, 2006), 25 days elapsed, 14 of which are not counted, because of Blackburn's request for discovery and a bill of particulars, R.C. 2945.72(E), leaving 11 elapsed days for speedy-trial purposes. Id. at ¶ 12.

{¶ 26} It is undisputed that the date from which speedy-trial calculations begin to occur is December 17, 2004, the date Blackburn was arrested on his initial case, and that the three cases, although containing different charges, stemmed

from the same set of circumstances. The state focuses on 139 days during the pendency of the second indictment, which the state attributes to a motion for discovery (19 days) pursuant to R.C. 2945.72(E) and a motion for continuance (120 days) pursuant to R.C. 2945.72(H). The state argues that reliance on *Adams* is improper because the delays were not the result of a waiver, but were the result of statutory tolling.

{¶ 27} According to the majority, the two concepts are distinct. With respect to waiver, because a defendant's waiver must be made knowingly and intelligently to be effective, *Adams* precluded the application of a waiver executed on an original charge to new charges on the same facts. *Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025, syllabus. With respect to the tolling of speedy-trial time, the statute, R.C. 2945.72, "provides circumstances that extend or toll the time within which an accused must be brought to trial but do not involve an intentional relinquishment of the fundamental right." Majority opinion, ¶ 17. Although it is accurate to say that waiver differs from tolling, this distinction misses the crucial point that *both* methods stop the count for speedy-trial purposes. For the situations under discussion in this case, I do not agree that "[u]nlike waiver, statutory tolling does not necessarily require an informed, tactical decision." Majority opinion, ¶ 19.

{¶ 28} R.C. 2945.72 provides:

{¶ 29} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶ 30} " * * *

{¶ 31} "(E) Any period of delay *necessitated* by reason of a plea in bar or abatement, *motion*, proceeding, or action made or *instituted by the accused*;

{¶ 32} " * * *

{¶ 33} "(H) The *period of any continuance granted on the accused's own motion*, and the period of any reasonable continuance granted other than upon the accused's own motion." (Emphasis added.)

{¶ 34} For both of these statutory reasons, it is the defendant's own actions that cause the time to be tolled. As we observed in *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26, "It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a 'period of delay necessitated'—at the very least, for a reasonable time until the motion is responded to and ruled upon."

{¶ 35} Furthermore, in *Adams*, we reasoned that "a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which

includes knowing the exact nature of the crime he is charged with." 43 Ohio St.3d at 70, 538 N.E.2d 1025. Knowing the exact nature of the crime will also affect which motions may be filed in a criminal case. For example, a defendant initially charged with misdemeanor assault against a live-in partner may conceivably file a motion in limine to prevent the admission on grounds of relevance of a prior misdemeanor conviction for domestic violence. If the charge is later changed to that of felony domestic violence, in which the state must prove a prior domestic-violence conviction, the motion would no longer be appropriate.

{¶ 36} Thus, the decisions to file motions in a particular case that will automatically extend the time during which a speedy trial must be held are just as much tactical decisions as the decision whether to execute a waiver in a particular case. In either event, the result should be the same. The speedy-trial clock does not reset for the new charge arising from the same set of facts, whether the time is extended by waiver or tolling.

{¶ 37} For these reasons, I would affirm the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing opinion.

_____

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellant.

William P. Bobulsky, for appellee.