DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Jennifer Whalen, appeals the judgment of the Avon Lake Municipal Court, which denied her motion to dismiss the charges against her.
 {¶ 2} This case involves the destruction of a video recording of the breath alcohol test given to Defendant and her booking at the Avon Lake Police Department. The case commenced on June 8, 2007, when Defendant was cited for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a); operating a vehicle with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(1)(b); and weaving in violation of the Codified Ordinances of Avon Lake 432.38(a). On June 14, 2007, Defendant pled not guilty to the charges and sought discovery from the State including "the stop and booking audio and videotape."
 {¶ 3} On July 2, 2007, Defendant filed a motion to suppress all evidence, including audio and video recordings. In her motion, Defendant asserted, among other things, that the *Page 2 
"[S]tate alleges that no video or audio was recorded at the police station, either in the booking room or during the administration of the BAC." A hearing was held on August 21, 2007.
 {¶ 4} On August 22, 2007, Defendant filed a motion to dismiss the charges against her. The motion argued that despite the State's earlier statements that "a booking video was never made[,]" Defendant learned at the August 21, 2007 suppression hearing, that such tape was made and, Defendant argued, the tape was destroyed in bad faith. The trial court conducted a hearing on Defendant's motion to dismiss on September 25, 2007, and denied the motion on October 30, 2007.
 {¶ 5} On November 14, 2007, the matter proceeded to trial and the jury convicted Defendant of counts one and two. The trial court found Defendant guilty of count three. Defendant was fined $350.00 plus costs and her license was suspended for 180 days. Defendant was also sentenced to 30 days in jail, 27 days of which was suspended "on condition of no alcohol related offenses for one year." Defendant was given credit for three days of the jail sentence if she completed a driver intervention program within 45 days of sentence. Defendant timely appealed and raises one assignment of error.
 Assignment of Error "The court committed substantial prejudicial error by denying [Defendant's] motion to dismiss and finding no due process of law violation."
 {¶ 6} Defendant argues that the trial court erred when it denied her motion to dismiss. Defendant maintains that her due process rights were violated when the Avon Lake Police Department "destroyed favorable evidence that was material to the issue of guilt or innocence" and engaged in the "bad faith destruction of potentially useful evidence[.]"
 {¶ 7} We review a denial of a motion to dismiss de novo. State v.Stallings, 150 Ohio App.3d 5, 2002-Ohio-5942, at ¶ 6, citing State v.Benton (2000), 136 Ohio App.3d 801, 805. *Page 3 
 {¶ 8} "In a criminal proceeding, if the prosecution withholds material, exculpatory evidence, a violation of the defendant's due process right to a fair trial occurs." State v. Flowers (Feb. 26, 1997), 9th Dist. No. 2564-M, at *3, citing State v. Johnston (1988),39 Ohio St.3d 48, 60 and Brady v. Maryland (1963), 373 U.S. 83. "`Exculpatory evidence' is defined as evidence favorable to the accused which, `if disclosed and used effectively, * * * may make the difference between conviction and acquittal.'" (Alteration in original.) State v. Rowe
(1993), 92 Ohio App.3d 652, 666, quoting U.S. v. Bagley (1985),473 U.S. 667, 676. "Evidence is material if it is reasonably probable the result of the trial would have been different had the evidence been disclosed to the defense." Flowers at *3, citing Johnston, 39 Ohio St.3d at 61. "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Flowers at *3, citing State v. Davis (Apr. 18, 1990), 9th Dist. No. 88CA004390, at 49 and Bagley, 473 U.S. at 682. It is Defendant's burden to establish that the evidence is both favorable and material and that there is reasonable probability that the outcome would have been different if the evidence had been provided. SeeState v. Davis, 116 Ohio St.3d 404, 449, 2008-Ohio-2, at ¶ 338-39
(holding that Defendant did not provide sufficient evidence to demonstrate that the evidence was material and/or that there was "a reasonable probability that the result of the proceeding would have been different.") "Failure to preserve [merely] potentially useful evidence does not constitute a denial of due process of law unless a criminal defendant can show bad faith on the part of the police." (Emphasis added.) State v. Jones (1990), 67 Ohio App.3d 542, 545, citingArizona v. Youngblood (1988), 488 U.S. 51.
 {¶ 9} In State v. Dunn, 9th Dist. No. 03CA0037, 2004-Ohio-2249, we stated:
 "The United States Supreme Court has held that `unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.' [Youngblood, 488 U.S. at 58.] Bad faith implies more than bad judgment or negligence; instead, it *Page 4 
`imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' (Internal citation omitted.) Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276. Bad faith on the part of the police must be evaluated from the knowledge of the police regarding the exculpatory value of evidence at the time of the alleged destructive act. State v. Jones (1990), 67 Ohio App.3d 542, 546, citing Youngblood, 488 U.S. at 56. If the State acts in bad faith by ignoring a valid request to preserve evidence, the burden shifts to the State to show that the evidence was not exculpatory. State v. Sailors (Oct.7, 1992), 9th Dist. No. 2723, at 7, citing Columbus v. Forest (1987), 36 Ohio App.3d 169, 173." Dunn at ¶ 63.
 {¶ 10} In her motion to dismiss, Defendant did not argue that the videotape was exculpatory. Instead she argued that the tape was "invaluable *** because it would [have] shown that she was steady on her feet, clear-eyed, stable to walk, and able to talk clearly without slurring her words"; i.e., that the tape was potentially useful. Defendant then argued that the State destroyed the videotape after first telling Defendant it did not exist and in contravention of Defendant's proper discovery request, which conduct amounted to bad faith.
 {¶ 11} We initially note that Defendant did not request the booking video tape until June 14, 2007. Officer Reikowski testified that the tape was reviewed and because it had little "evidentiary value[,] *** it went right back into circulation [and] was probably taped over within a matter of days" of Defendant's June 8th arrest. Accordingly, the tape was put back into circulation prior to Defendant's discovery request and the burden did not shift to the State to show that the videotape was not exculpatory. See Sailors at *3.
 {¶ 12} Moreover, even if the tape was potentially useful, Defendant has not otherwise met her burden of establishing that the videotape was erased in bad faith. "[T]he presence or absence of bad faith * * * must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Jones (1990),67 Ohio App.3d at 546, *Page 5 
quoting Youngblood, 488 U.S. at 56, fn 26. Here, the police officer expressly testified that the tape had no evidentiary value, let alone exculpatory value.
 {¶ 13} We note our deep concern that a law enforcement officer apparently believed it is his prerogative to evaluate the evidentiary value of a videotape recording of the defendant. It is not up to the arresting officer to determine the evidentiary value of a piece of evidence. This is the role of the court. Here, however, it happened that the defense discovery request was made after the tape was re-circulated and accordingly, there was no evidence before the trial court, and none before us, to support Defendant's assertion of bad faith.
 {¶ 14} Finally, as to Defendant's argument that the police officer's "destruction" of the video tape violated the police department's document retention policy thereby establishing that the police acted in bad faith, Defendant did not make this argument to the trial court in her motion to suppress, motion to dismiss, or at the hearings on either motion. Neither was a document purporting to establish such policy authenticated and attached to either motion. In fact, as noted by Defendant in her brief to this Court, the document retention policy was not introduced into the record until trial as demonstrated at page 61 of the trial transcript. Moreover, as noted by defense counsel at trial, the "schedule of records and retention and disposition" was not received from the Avon Lake Police Department until October 16, 2007, nearly two months after the suppression hearing and one month after the dismissal hearing. Inasmuch as the existence and effect of a document retention policy was not before the trial court, Defendant has forfeited this argument on appeal. See, generally, State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, ¶ 23. *Page 6 
 {¶ 15} Because Defendant has failed to meet her burden of showing that the tape was exculpatory or that the police acted in bad faith in destroying potentially useful evidence, her assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J., MOORE, J., CONCUR.
 *Page 1