DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals from the decision of the Lorain County Court of Common Pleas to dismiss two counts of burglary filed against Defendant-Appellee, Mary Dobbins. This Court affirms in part and reverses in part.
 I {¶ 2} On May 30, 2007, a Lorain County Grand Jury indicted Dobbins on one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree, and one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. On June 5, 2008, the Lorain County Grand Jury issued a supplemental indictment for one additional count of burglary, in violation of R.C. 2911.12(A)(4). This offense was captioned as "COUNT THREE" and supplemented the original indictment.
 {¶ 3} On June 25, 2008, Dobbins filed a motion to dismiss the burglary count contained in the original indictment ("Count One") arguing that it failed to include the mens rea element *Page 2 
for burglary pursuant to State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624 ("Colon I ") and State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 (collectively "the Colon decisions"). The motion also requested dismissal of the burglary count alleged in the supplemental indictment ("Count Three") arguing that it violated Dobbins' speedy trial rights pursuant to State v. Adams (1989), 43 Ohio St.3d 67 andState v. Blackburn, 118 Ohio St.3d 163, 2008-Ohio-1823. The State opposed Dobbins' motion and the matter was submitted to the court on briefs.
 {¶ 4} On November 19, 2008, the trial court granted Dobbins' motion and dismissed Count One and Count Three based on the caselaw proffered by Dobbins. The State timely appealed and asserts two assignments of error for our review.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN DISMISSING THE MAY 30, 2007 BURGLARY CHARGE."
 {¶ 5} In its first assignment of error, the State argues that the trial court erred in dismissing Count One based on the Colon decisions because those holdings apply only to defendants whose indictments are defective and are charged with a robbery offense, in violation of R.C. 2911.02(A)(2). Because Dobbins was charged with a burglary offense, not a robbery offense, the State argues the Colon decisions are inapplicable to her. The State also argues that it specifically sought to add Count Three to prevent Dobbins from succeeding on the argument she made in support of dismissal of Count One. Finally, the State argues that theColon decisions were meant to shield defendants who had not received proper notice for their alleged offenses and cannot be used as a sword to attack an indictment based on the omission of one word.
 {¶ 6} This Court reviews a motion to dismiss de novo. State v.Whalen, 9th Dist. No. 08CA009317, 2008-Ohio-6739, at ¶ 7. Crim. R. 7(B) provides that an indictment must include "a *Page 3 
statement that the defendant has committed a public offense." That statement "may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of theoffense with which the defendant is charged" (Emphasis added.) Crim. R. 7(B). Further, "[t]he sufficiency of an indictment is subject to *** the constitutional protections of the Ohio and federal Constitutions."State v. Childs (2000), 88 Ohio St.3d 558, 564. See, also, Section 10, Article I, Ohio Constitution.
 {¶ 7} In criminal cases, R.C. 2901.21(A)(2) requires that the State prove "the requisite degree of culpability for each element as to which a culpable mental state is specified" in the section defining the offense. The Supreme Court has long held that an indictment is defective if it fails to state all the essential elements of a charged offense.State v. Wozniak (1961), 172 Ohio St. 517, paragraph one of the syllabus (concluding that an indictment that does not charge a defendant with intent does not charge such defendant with a crime).
 {¶ 8} Here, Dobbins was charged with burglary in violation of R.C. 2911.12(A)(4), which makes it a criminal offense to "[t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Unlike subsections (A)(1) — (3) of the burglary statute, R.C.2911.12(A)(4) does not include the requisite mens rea for committing the offense. Moreover, even though trespass is included as an element of burglary, we note that there are three different mens reas under which a defendant can be convicted of criminal trespass. R.C. 2911.21
(indicating that criminal trespass can be committed knowingly, recklessly, or negligently). Accordingly, Dobbins was not put on notice of the requisite mental state the State was required to prove at trial, nor did her *Page 4 
indictment include a reference to the predicate offense of trespass by its statute number. See State v. Buehner, 110 Ohio St.3d 403,2006-Ohio-4707, syllabus.
The State does not dispute that Count One of Dobbins' indictment failed to identify any requisite mental state for committing the fourth-degree felony burglary with which she was charged. Furthermore, in the latter part of its brief, the State admits that it sought a supplemental indictment adding Count Three "so as to include each and every essential element of the offense of [b]urglary under R.C. 2911.12(A)(4)[.]" A comparison of Count One to Count Three reveals the only change the State made to Dobbins' burglary charge when it added Count Three was to incorporate the mens rea element for the offense. Thus, the State's own actions support the conclusion that it did not believe Count One adequately charged Dobbins' with burglary under R.C. 2911.12(A)(4) because it omitted the culpable mental state for the offense.
 {¶ 9} To the extent that Colon I reaffirmed the Supreme Court's adherence to its longstanding position that an indictment is defective if it fails to state all the essential elements of the crime, we conclude that that trial court did not err in dismissing Count One because Dobbins' indictment, in fact, did not satisfy those requirements. Colon I at ¶ 38 (noting that Wozniak, 172 Ohio St. at 517
and Childs, 88 Ohio St.3d at 558 have previously concluded that an indictment that omits an essential element fails to charge an offense). Compare State v. Snow, 9th Dist. No. 24298, 2009-Ohio-1336 (concluding that the burglary indictment under R.C. 2911.12(A)(2) was not defective because it included the phrase "with purpose to commit"). Accordingly, the State's first assignment of error is overruled.
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN DISMISSING COUNT THREE (3) OF THE SUPPLEMENTAL INDICTMENT." *Page 5 
 {¶ 10} In its second assignment of error, the State argues that, because Dobbins waived her speedy trial rights as to Count One, she waived her rights with respect to Count Three as well because it was exactly the same charge and merely "restate[d] count one (1) of the original indictment." Additionally, the State argues that Dobbins' tolled her speedy trial right by: (1) having a new attorney appointed; (2) demanding discovery and a bill of particulars from the State; (3) requesting the continuance of pre-trial hearings; (4) requesting a two-week continuance of her trial; (5) requesting four further continuances of pre-trial hearings before a supplemental indictment was issued on June 5, 2008; and (6) filing a motion to dismiss on June 25, 2008. The State argues all of these events tolled her speedy trial rights until the court dismissed Count Three on November 19, 2008.
 {¶ 11} An appellate court's review of a motion to dismiss based on speedy trial grounds presents both questions of law and fact, therefore, this Court applies a novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact. State v.Miller, 9th Dist. No. 07CA0037-M, 2008-Ohio-1002, at ¶ 6. A criminal defendant is guaranteed the right to a speedy trial by both theSixth Amendment of United States Constitution and Section 10, Article I of the Ohio Constitution. State v. Pachay (1980), 64 Ohio St.2d 218, 219. "As with other fundamental rights, a defendant can waive the right to a speedy trial." Adams, 43 Ohio St.3d. at 69. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." State v. King (1994), 70 Ohio St.3d 158, syllabus. Additionally, under R.C. 2945.72 the time within which a defendant is brought to trial can be extended or tolled based on various circumstances, as set forth in R.C. 2945.72. *Page 6 
 {¶ 12} Based on the fourth-degree felony burglary charges, R.C. 2945.71(C)(2) requires Dobbins be brought to trial within 270 days of her arrest on March 28, 2007, unless she has waived her right to a speedy trial or that time has been tolled by operation of statute.
 {¶ 13} In her motion to dismiss, Dobbins argued, and the trial court agreed, that, pursuant to State v. Adams, subsequent charges made against a defendant were subject to the same speedy-trial constraints as the original charges if those subsequent charges arose from the same facts and circumstances as the first indictment. Stated differently, she argues that, if the same facts are supporting the same charges, the same speedy-trial timeframe shall be applied. Thus, Dobbins asserted that her speedy trial rights had been violated because the State had not brought any new charges when it indicted her on Count Three, yet over 450 days had passed since her arrest on March 28, 2007.
 {¶ 14} Dobbins further averred that she had not waived her speedy trial rights, nor had they been statutorily tolled by an amount sufficient to remain within the 270 day speedy-trial window. Dobbins again relied on Adams, arguing that her speedy-trial waiver as to Count One could not apply to Count Three because the "waiver [of her speedy-trial rights] must be done knowingly, voluntarily, and intelligently." Adams, 43 Ohio St.3d at 69. Dobbins asserted that she did not knowingly or intelligently execute her waiver because when she did so, she: (1) was unaware that that she would face a supplemental indictment based on the same facts; (2) was unaware that she would be waiving her speedy-trial rights as to Count Three; and (3) that she did not understand the charges against her at that time. Our review ofAdams, however, suggests both Dobbins and the trial court have misapplied the holding of that case to the facts presented here. *Page 7 
 {¶ 15} In Adams, the defendant was initially charged with a violation of R.C. 4511.19(A)(3) for having a specified amount of alcohol concentration on his breath. Adams, 43 Ohio St.3d at 67. Based on the same facts and circumstances, the defendant was later charged with a violation of R.C. 4511.19(A)(1) for operating a motor vehicle while under the influence of alcohol. The trial court found that the speedy trial waiver executed with respect to the first charge extended to the later charge because the two charges fell under the state statute and generally involved the same conduct. Id. at 69. That decision was affirmed on appeal. The Supreme Court later reversed, however, concluding that Adams' waiver to the second charge was not knowingly, voluntarily, and intelligently made because the charges were distinctly different from one another, so much so that they "could involve different defenses at [the] time of trial." Id. Accordingly, the Court determined that Adams could not have made a knowing and intelligent waiver of his right to a speedy trial because he did not know, "the exact nature of the crime he [was] charged with" when he executed the waiver. Id. at 70.
 {¶ 16} Here, Dobbins concedes throughout her motion and her brief on appeal that "[t]here is no evidence here that [the State] alleged different charges or facts" in Count Three. She notes that Count Three "merely restates word for word the allegation found in [Count One], but adds *** the required mens rea of recklessness." Hence, by her own admission, Count Three does not involve a distinctly different charge, nor does it present an offense that would require a different defense at trial or expose her to any different level of punishment. Id. See, also,Blackburn at ¶ 19 (noting that in Adams, the Court "held that waivers did not apply to new charges that arose out of the same underlying facts" because the defendant didn't knowingly, voluntarily, and intentionally relinquish his speedy-trial rights as to the new charges (Emphasis added.)) Therefore, any waiver that was executed knowingly, voluntarily, and intelligently as to *Page 8 
Count One would be equally applicable to Count Three, as Dobbins, unlike Adams, admits she was fully aware of the exact nature of the crime against her when she executed that waiver. Adams, 43 Ohio St.3d at 70;State v. Clark (1995), 107 Ohio App.3d 141, 150-54 (concluding that defendant's speedy trial waiver applied to the felonious assault charge in the second indictment because that charge was identical to the one made in the first indictment and noting that the second indictment contained no "additional charges" as was the case in Adams); State v.Luff (1993), 85 Ohio App.3d 785, 794-98 (concluding that an identical indictment containing the same charges did not affect defendant's speedy trial waiver as he was fully aware of the charges against him, nor did it impair his ability to defend himself against the charge). In light of these facts, we must now determine whether Dobbins executed her speedy trial waiver as to Count One in an intelligent, voluntary, and knowledgeable manner.
 {¶ 17} A review of the record reveals that Dobbins first waived her right to a speedy trial on June 20, 2007, following her March 28, 2007 arrest and subsequent indictment on Count One. Following that waiver, Dobbins executed seven more waivers over the next eleven months, the last of which she signed on May 14, 2008. Moreover, on May 7, 2008, defendant's counsel signed a speedy trial waiver noting that "Defendant previously waived. Counsel waives on client's behalf." In addition, on June 25, 2008, the same date Dobbins filed her motion to dismiss, she filed a "Motion to Withdraw Time Waiver." The Court considers Dobbins' argument that she hadn't knowingly, intelligently, and voluntarily waived her speedy trial rights somewhat disingenuous in light of the nine waivers found in the record, one of which was made by counsel on her behalf. Moreover, it is only logical to presume that her request to withdraw her waiver in June 2008 was premised on her belief that she had an effective waiver in place at that point in time. Therefore, we conclude that Dobbins' waiver as to Count One was made *Page 9 
intelligently, voluntarily, and knowingly. Because Count One and Count Three charge Dobbins with the exact same offense, her speedy trial waiver as to Count One applies to Count Three as well.
 {¶ 18} Dobbins avers that she did not waive her speedy trial rights as to Count One, despite signing a pre-printed court forms asserting such waiver. She cites our opinion in State v. Baloh, 9th Dist. No. 04CA0010-M, 2004-Ohio-3421, where that defendant, too, had signed a pre-printed form executing a speedy-trial waiver. There, however, the appellant indicated he was not informed orally or in writing of his speedy trial rights and he alleged he signed the preprinted form from the court only for purposes of entering his not guilty plea; he did not realize he was waiving his right to a speedy trial. We noted that "under the circumstances here, appellant did not knowingly, intelligently and voluntarily waive his right to a speedy trial." Baloh at ¶ 5. We decided on alternative grounds, however, that the defendant's speedy trial rights were not violated. Id. at ¶ 6. We consider the execution of nine different waiver forms over the period of eleven months, combined with a request to withdraw the waiver, as presenting facts quite different from the facts in Baloh.
 {¶ 19} Because this Court has concluded that, as of June 20, 2007, Dobbins waived her right to a speedy trial until she filed a motion requesting otherwise on June 25, 2008, we decline to address the State's tolling argument. Dobbins intentionally relinquished her right to a speedy trial for 370 days of the 454 days that transpired during that period. Thus, the State is well within its 270 day timeframe to bring Dobbins to trial.
 {¶ 20} Based on the foregoing, we conclude that the trial court erred in dismissing Count Three of Dobbins indictment because her speedy trial rights were not violated. Accordingly, we sustain the State's second assignment of error. *Page 10 
 III {¶ 21} The State's first assignment of error is overruled. The State's second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed with respect to the dismissal of Count One and is reversed with respect to the dismissal of Count Three.
Judgment affirmed in part,
reversed in part,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
MOORE, P. J. CONCURS. *Page 11