[Cite as *Mansfield v. Feagin*, 2022-Ohio-2207.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CITY OF MANSFIELD | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ULYSSES L. FEAGIN, II | : | Case No. 2021 CA 0064 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Mansfield Municipal
                                 Court, Case No. 2019CRB06474


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                June 27, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL J. KEMERER                        ULYSSES L. FEAGIN, II, PRO SE
30 North Diamond Street                   Inmate No. A783-954
Mansfield, OH  44902                      Belmont Correctional Institution
                                          68518 Bannock Road
                                          St. Clairsville, OH  43950

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Ulysses L. Feagin, II, appeals his July 20, 2021 conviction for disorderly conduct by the Mansfield Municipal Court of Richland County, Ohio.  Plaintiff-Appellee is city of Mansfield.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 18, 2019, officers were dispatched to the scene of a domestic dispute.  Upon their arrival, appellant fled the scene.  Appellant was caught and charged with disorderly conduct/intoxication in violation of Mansfield Codified Ordinances 509.03(b)(2), resisting arrest in violation of Mansfield Codified Ordinances 525.09(a), and obstructing official business in violation of Mansfield Codified Ordinances 525.07(a).

{¶ 3}   On October 2, and 24, 2019, appellant signed unlimited speedy trial waivers.

{¶ 4}   On July 20, 2021, appellant pled guilty to a reduced charge of disorderly conduct in violation of Mansfield Codified Ordinance 509.03(a), a minor misdemeanor. The remaining two charges were dismissed.  By journal entry/sentencing order filed same date, the trial court fined appellant $150.00 plus costs.

{¶ 5}   Appellant filed a pro se appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "TRIAL COURT PARTICIPATED IN SHAM LEGAL PROCESS, IN WHICH I WAS DENIED OPPORTUNITY TO SPEAK OR ADDRESS COURT DENIED DUE PROCESS."

II

{¶ 7}   "VIOLATION OF CRIM.R. 11, FED.R.CRIM. P 11 BY TRIAL COURT.  THE TRIAL COURT INVOLUNTARILY ENTERED A GUILTY PLEA, DID NOT EXPLAIN VARIOUS PLEAS CRIM R. 11(B) AND/OR CHARGES OR AGREEMENTS."

III

{¶ 8}   "INEFFECTIVE UNCONSTITUTIONAL ASSISTANCE OF COUNSEL WHICH IS GUARANTEED ME BY  6TH-14TH AMENDMENT SECTION 10,16 ARTICLE 1 OF OHIO CONSTITUTION."

IV

{¶ 9}   "VIOLATION OF STATUTORY AND CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL, UNDER O.R.C. 2945.11-2945.73 AND 18 U.S.C. 3161-3174, ORC 2945.71 B1 2945.71 B2."

I, II

{¶ 10}  In his first assignment of error, appellant claims he was denied due process.

{¶ 11}  In his second assignment of error, appellant claims a violation of his Crim.R. 11 rights.

{¶ 12}  We disagree with appellant's arguments.

{¶ 13}  Appellant argues he was never given a meaningful opportunity to be heard. He also argues he pled no contest, but the trial court "entered a plea of guilty without my consent or voluntarily given by me."  Further, appellant argues the trial court failed to explain "various pleas Crim.R. 11(B) and/or charges or agreements."

{¶ 14} Appellant failed to file a transcript of the plea hearing. By judgment entry filed April 18, 2022, this court permitted appellant to supplement the record with a transcript on or before May 27, 2022. Appellant failed to do so.

{¶ 15} Absent the transcript, we are unable to review the Crim.R. 11 exchange between the trial court and appellant and appellant's plea. In *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Supreme Court of Ohio held the following:

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs,* 53 Ohio St.2d 162 (1978). This principle is recognized in App.R. 9(B), which provides, in part, that " * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Footnote omitted.)

{¶ 16} The trial court's August 19, 2021 journal entry/sentencing order states the following:

This case came before the court on 07/20/2021. Defendant was present in court with counsel present and entered pleas to the charges listed below. Defendant was advised of the maximum penalties involved, right to counsel, right to have counsel appointed if indigent, right to trial by jury, right to confrontation and the right to compulsory process. Defendant knowingly waived these rights. Plea was accepted.

{¶ 17} The journal entry indicates appellant pled guilty to a reduced charge of disorderly conduct in violation of Mansfield Codified Ordinance 509.03(a).

{¶ 18} Upon review, we find the record before this court establishes appellant was heard by the trial court and received due process, was subject to a Crim.R. 11 colloquy and knowingly waived his rights, and entered a plea of guilty to the charge.

{¶ 19} Assignments of Error I and II are denied.

III, IV

{¶ 20} In his third assignment of error, appellant claims he was denied effective assistance of trial counsel.

{¶ 21} In his fourth assignment of error, appellant claims he was denied his statutory and constitutional rights to a speedy trial.

{¶ 22} We disagree with appellant's arguments.

{¶ 23} Appellant argues his counsel was ineffective for failing to object "when involuntary guilty plea was entered." Again, without the benefit of a transcript, we must "presume the validity of the lower court's proceedings, and affirm." *Knapp, supra.*

{¶ 24} Appellant further argues his counsel was ineffective for failing to move for dismissal with prejudice because the case had nearly reached its second calendar year and he never signed a waiver. A review of the record belies this argument.

{¶ 25} Appellant signed a pro se unlimited speedy trial waiver on October 2, 2019. Appellant again waived his speedy trial rights through his counsel on October 24, 2019. This waiver was also unlimited. "[T]the speedy trial time period does not run when the defendant knowingly and voluntarily waives their speedy trial rights." *State v. Hopings,* 6th Dist. Lucas No. L-20-1075, 2022-Ohio-1532, ¶ 57, citing *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 17-22. Defense counsel moving for a dismissal on speedy trial rights would have been futile given the waivers.

{¶ 26} Upon review, we do not find any ineffective assistance of counsel nor violations of appellant's speedy trial rights.

{¶ 27} Assignments of Error III and IV are denied.

{¶ 28} The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.


EEW/db